Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, | **CIVIL ACTION No. ___** |
| *Plaintiff* | |
| v. | |
| ALIALIALILL STORE, BABY -SHOPPING STORE, BAZINGA STORE, BBOTTRUOYS TOY STORE, BOBONIU STORE, CHENWANJU STORE, CHILDREN GROWING TREE STORE, CHINESE PLUSH TOY STORE, DONGGUAN SHENGEN HARDWARE PLASTIC CO., LTD., DONGGUAN WOODFIELD BABY PRODUCTS COMPANY LIMITED, DONGGUAN XINGKE GIFT CO., LTD., DROPSHIPPING-TOYS STORE, FAIRYLANDS TOY STORE, FCOT STORE, FOURTRY STORE, FRANCIS 001 STORE, FUN GAME FUN STORE, GUANGDONG SANSAN SUPPLY CHAIN CO., LTD., GUANGZHOU LITTLE TALENT TOYS CO., LTD., GUANGZHOU YIMAI TRADING CO., LTD., HANGZHOU AGREAT IMPORT & EXPORT CO., LTD., HEBEI KUNI ANIMATION INDUSTRY CO., LTD., HENAN YINGHUOZHIGUANG CULTURE MEDIA CO., LTD., MIKECRACK STORE, MONSTER JELLIE CULTURE CO., LTD., MOVING DREAMING STORE, NANJING RUIFUTONG ARTS AND TOYS MANUFACTURING CO., LTD., QWJA STORE, SHANGHAI QIANJIU TRADING CO., LTD., SHENZEN TONGFEI INTERNATIONAL TRADE CO., LTD., SHENZHEN | **COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

HECHUN TECHNOLOGY CO., LTD., SHENZHEN QINGHONG TOYS CO., LTD., SHOP5477120 STORE, SHOP910893006 STORE, SI TING STORE, SZ GTEAK TECHNOLOGY CO., LIMITED, TC XRC STORE STORE, TIKTOK IP STORE, VL STORE, XINXIANG PURUIGE IMPORT AND EXPORT TRADING CO., LTD., YAMONG STORE, YANGZHOU AIXINI INTERNATIONAL TRADE IMPORT AND EXPORT CO., LTD., YANGZHOU AORUNJU GIFTS CO., LTD., YANGZHOU BABYJOY ARTS & CRAFTS CO., LTD., YANGZHOU CUTESHOOT PLUSHIES CO., LTD., YANGZHOU DULALA CRAFTS LTD., YANGZHOU KINGSTONE TOYS CO., LTD., YANGZHOU MARISA TOY GIFTS CO., LTD., YANGZHOU SCS HOMETEXTILE CO., LTD., YANGZHOU WEIHU HANDICRAFT CO., LTD., YANGZHOU WOSEN TOYS CO., LTD., YIWU CHUANYU IMPORT AND EXPORT FIRM, YIWU DUOTONG E-COMMERCE CO., LTD., YIWU FUGUAN HOUSEHOLD SUPPLIES CO., LTD., YIWU HAIPING BAG FACTORY, YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU VICTORY IMPORT & EXPORT CO., LTD., YIWU XINTU IMPORT AND EXPORT CO., LTD., YIWU YINWEI HOUSEHOLD PRODUCTS CO., LTD., YIWU ZHENGZHI QIN TRADING FIRM and ZHANJIANG DYNAMIC POINT NETWORK TECHNOLOGY CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition |
|------|-----------|
| **Plaintiff or Kelly Toys** | Kelly Toys Holdings, LLC |
| **Defendants** | alialialiLL Store, baby -shopping Store, Bazinga Store, BBOTTRUOYS Toy Store, boboniu Store, chenwanju Store, Children Growing Tree Store, Chinese Plush Toy Store, Dongguan Shengen Hardware Plastic Co., Ltd., Dongguan Woodfield Baby Products Company Limited, Dongguan Xingke Gift Co., Ltd., Dropshipping-Store, Fairylands Toy Store, FCOT Store, Fourtry Store, Francis 001 Store, Fun Game Fun Store, Guangdong Sansan Supply Chain Co., Ltd., Guangzhou Little Talent Toys Co., Ltd., Guangzhou Yimai Trading Co., Ltd., Hangzhou Agreat Import & Export Co., Ltd., Hebei Kuni Animation Industry Co., Ltd., Henan Yinghuozhiguang Culture Media Co., Ltd., Mikecrack Store, Monster Jellie Culture Co., Ltd., Moving Dreaming Store, Nanjing Ruifutong Arts And Toys Manufacturing Co., Ltd., QWJA Store, Shanghai Qianjiu Trading Co., Ltd., Shenzen Tongfei International Trade Co., Ltd., Shenzhen Hechun Technology Co., Ltd., Shenzhen Qinghong Toys Co., Ltd., Shop5477120 Store, Shop910893006 Store, SI TING Store, SZ Gteak Technology Co., Limited, TC XRC Store Store, TIKTOK IP Store, VL Store, Xinxiang Puruige Import And Export Trading Co., Ltd., YaMong Store, Yangzhou Aixini International Trade Import And Export Co., Ltd., Yangzhou Aorunju Gifts Co., Ltd., Yangzhou Babyjoy Arts & Crafts Co., Ltd., Yangzhou Cuteshoot Plushies Co., Ltd., Yangzhou Dulala Crafts Ltd., Yangzhou Kingstone Toys Co., Ltd., Yangzhou Marisa Toy Gifts Co., Ltd., Yangzhou SCS Hometextile Co., Ltd., Yangzhou Weihu Handicraft Co., Ltd., Yangzhou Wosen Toys Co., Ltd., Yiwu Chuanyu Import And Export Firm, Yiwu Duotong E-Commerce Co., Ltd., Yiwu Fuguan Household Supplies Co., Ltd., Yiwu Haiping Bag Factory, Yiwu Quanfa Import & Export Company Limited, Yiwu Victory Import & Export Co., Ltd., Yiwu Xintu Import And Export Co., Ltd., Yiwu Yinwei Household Products Co., Ltd., Yiwu Zhengzhi Qin Trading Firm and Zhanjiang Dynamic Point Network Technology Co., Ltd. |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third- |

| | |
|---|---|
| | party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Kelly Dec.** | Declaration of Jonathan Kelly in Support of Plaintiff's Application |
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Squishmallows Applications** | U.S. Trademark Serial Application Nos.: 88/471,796 for "SQUISHMALLOWS HUGMEES" for goods in Class 28 and 90/676,140 for "ORIGINAL SQUISHMALLOWS," for goods in Class 28 |
| **Squishmallows Registrations** | U.S. Trademark Registration Nos.: 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28 |
| **Squishmallows Marks** | The marks covered by the Squishmallows Registrations and Squishmallows Applications |
| **Squishmallows Works** | The works covered by the U.S. copyright registrations listed in Exhibit C to the Complaint |
| **Squishmallows Products** | A line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys, and have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. |

| | |
|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Squishmallows Marks and/or Squishmallows Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Squishmallows Marks and/or Squishmallows Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and/or Squishmallows Works and/or products that are identical or confusingly or substantially similar to the Squishmallows Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or |

|  | indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

Plaintiff by and through its undersigned counsel, alleges as follows:[1]

## NATURE OF THE ACTION

1.      This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); trademark infringement of Plaintiff's unregistered trademarks in violation of 15 U.S.C. § 1125; false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims, arising from the infringement of the Squishmallows Marks and Squishmallows Works, including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, counterfeit and infringing versions of Plaintiff's Squishmallows Products by Defendants.

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary.

of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.    Personal jurisdiction exists over Defendants in New York pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York such that Defendants should reasonably expect such actions to have consequences in New York, for example:

a.    Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Alibaba and/or AliExpress as well as any and all as yet undiscovered User Accounts, through which consumers in the U.S., including New York, can view one or more of Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.    Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts, using

their Merchant Storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the Counterfeit Products at significantly below-market prices to consumers worldwide, including to those in the U.S., and specifically New York.

c.    Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address.

d.    Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

e.    Upon information and belief, Defendants are aware of Plaintiff, its Squishmallows Products, Squishmallows Marks and Squishmallows Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York.

4.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in New York.

## **THE PARTIES**

5.    Plaintiff is a limited liability company with a principal place of business at 4811 South Alameda Street, Los Angeles, CA 90058.

6.    Upon information and belief, Defendants are merchants on the Alibaba and AliExpress online marketplace platforms, through which Defendants offer for sale and/or sell Counterfeit Products, with a principal place of business at the addresses identified, if any, in the printouts of screenshots of Defendants' Merchant Storefronts in **Exhibit D**.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Squishmallows Products

7.     Plaintiff is one of the world's most influential, leading manufacturers and distributors of high-quality plush toys and gifts, and is known for its best-selling brands, including Pillow Chums, Kellybaby and Kellypet.

8.     Plaintiff sells its Kelly Toys Products in major retailers, department stores and online marketplaces, including, but not limited to: Walmart, Justice, Target and Amazon.

9.     One of the most popular Kelly Toys Brands is Squishmallows, a line of loveable buddies made with a super soft, marshmallow-like texture that come in a variety of sizes from 3.5-inch clip-ons to extra-large 24 inch plush toys. The Squishmallows Products have expanded to other styles including Hug Mees, Stackables, Mystery Squad and Flip-A-Mallows. Images of the Squishmallows Products are attached hereto as **Exhibit A**.

10.     Since their debut in 2017, over 73 million Squishmallows Products have been sold worldwide, and sales of Squishmallows have tripled in the past six months.[2]

11.     In 2020, the Squishmallows Products were awarded "Best Toy of the Year" by Learning Express.[3]

12.     The Squishmallows Products are sold by major U.S. retailers and e-commerce sites, such as Amazon, Target and Walmart.

13.     The Squishmallows Products typically retail for between $7.99-44.99.

14.     While Kelly Toys has gained significant common law trademark and other rights in its Squishmallows Products, through its and/or its predecessor's use, advertising and promotion, Kelly

---

[2]     Taylor Lorenz, *Squishmallows Are Taking Over*, NEW YORK TIMES (Mar. 16, 2021), https://www.nytimes.com/2021/03/16/style/squishmallows.html.
[3] aNb Media, *Squishmallows Named 2020 Best Toy of the Year by Learning Express*, ANB MEDIA, INC. (Oct. 2020), https://www.anbmedia.com/news/2020/10/squishmallows-named-2020-best-toy-of-the-year-by-learning-express/.

Toys has also protected its valuable rights by filing for and/or obtaining federal trademark registrations.

15.   For example, Kelly Toys is the owner of the Squishmallows Registrations (i.e., U.S. Trademark Registration Nos. 6,137,521 for "FLIP A MALLOWS" for goods in Class 28; 5,454,574 for "SQUISHMALLOW" for goods in Class 28; 5,962,289 for "MYSTERY SQUAD" for goods in Class 28; and 2,029,047 for "KELLYTOY" for goods in Class 28). Kelly Toys also applied for the registrations of the Squishmallows Applications (i.e. U.S. Trademark Serial Application No. 88/471,796 for "SQUISHMALLOWS HUGMEES" and U.S. Trademark Serial Application No. 90/676,140 for "ORIGINAL SQUISHMALLOWS" for goods in Class 28).  Copies of the Squishmallows Registrations and Squishmallows Applications are attached hereto as **Exhibit B** and incorporated herein by reference.[4]

16.  The Squishmallows Marks are currently in use in commerce in connection with Squishmallows Products.  The Squishmallows Marks were first used in commerce on or before the dates of first use as reflected in the Squishmallows Registrations attached hereto as part of **Exhibit B**.

17.  In addition, Kelly Toys is also the owner of registered copyrights in and related to the Squishmallows Products.

18.  For example, Kelly Toys owns the Squishmallows Works, and the U.S. copyright registrations covering the same, which are listed in **Exhibit C**.[5]

19.    The success of the Squishmallows Products is due in part to Plaintiff and its

---

[4] Although two of the Squishmallows Registrations list Plaintiff's predecessor, Kellytoy Worldwide, Inc. on the certificates of registration, the assignments on file with the United States Patent and Trademark Office (the "USPTO") unequivocally evidence that Plaintiff is in fact the current true and correct owner of all of the Squishmallows Registrations.  True and correct copies of the trademark assignments, as filed with the USPTO, are included as part of **Exhibit B**.
[5] Although the registrations for the Squishmallows Works also list Plaintiff's predecessor Kellytoy Worldwide, Inc. as the copyright claimant, Kellytoy Worldwide, Inc. assigned all rights in and to the Squishmallows Works to Kelly Toys, and Plaintiff is in fact the true and correct owner thereof.

predecessor's marketing and promotional efforts. These efforts currently include advertising and promotion through social media, the Squishmallows' website (available at https://squishmallows.com/) and other advertising, among other efforts domestically and abroad, including in New York.

20. Plaintiff's success is also due to its use of the highest quality materials and processes in making the Squishmallows Products, which meet or exceed U.S. standards.

21. Additionally, Plaintiff owes a substantial amount of the success of the Squishmallows Products to their consumers and word-of-mouth buzz that its consumers have generated.

22. Plaintiff and its predecessor's efforts, the quality of Squishmallows' products and the word-of-mouth buzz generated by their consumers, the Squishmallows Marks, Squishmallows Works and Squishmallows Products have become prominently placed in the minds of the public. Members of the public have become familiar with the Squishmallows Marks, Squishmallows Works and Squishmallows Products and have come to associate them exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such associations.

23. Plaintiff has gone through great lengths to protect its interests in the Squishmallows Marks, Squishmallows Works and Squishmallows Products. No one other than Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the Squishmallows Marks and Squishmallows Works without the express permission of Plaintiff.

### Alibaba and AliExpress and Defendants' User Accounts

24. Alibaba and AliExpress are online marketplace and e-commerce platforms that allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China

directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

25.     As some of the leaders of China's e-commerce and digital retail market, Alibaba and AliExpress have generated hundreds of billions in sales worldwide.[6]  International markets, including the U.S., make up a significant percentage of sales made on Alibaba and AliExpress.  For example, in 2016, revenue from international retail sales grew by 25% on AliExpress to $342 million and 15% on Alibaba to $841 million.[7]  The press reported that the growth in sales on AliExpress resulted from an increase in the number of buyers, particularly from the U.S., as well as other larges countries like Russia and Brazil.[8]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[9]

26.     As recently addressed in the *Wall Street Journal*, *Fortune* and the *New York Times*,[10] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on Alibaba and AliExpress,[11] an astronomical number of counterfeit

---

[6]*See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

[7] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales,* DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[8] *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China*, DIGITALCOMMERCE360.COM (Sept. 11, 2014), https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

[9] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[10] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes,* N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[11] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba,* MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong,

and infringing products are offered for sale and sold on Alibaba and AliExpress, as well as other online marketplace platforms, at a rampant rate.

27.    Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Alibaba and AliExpress, as well as potentially yet undiscovered additional online marketplace platforms.

28.    Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

29.    Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

30.    Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

## Defendants' Wrongful and Infringing Conduct

31.    Particularly in light of Plaintiff's success with its Squishmallows Products, as well as the reputation they have gained, Plaintiff and its Squishmallows Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its Squishmallows Products, Squishmallows Marks and Squishmallows Works and Plaintiff investigates and enforces against such activities.

---

*Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

32.     As part of these efforts, Plaintiff authorized Epstein Drangel to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on Alibaba and AliExpress.

33.     Through Epstein Drangel's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference**.**

34.     Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Squishmallows Products or to use the Squishmallows Marks and/or Squishmallows Works, or any marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks and Squishmallows Works.

35.     Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Squishmallows Products, only with minor variations that no ordinary consumer would recognize.

36.     During its investigation, Epstein Drangel identified Defendants as offering for sale and/or selling Counterfeit Products and specified a shipping address located at the New York Address and verified that each Defendant provides shipping to the New York Address. Screenshots of the checkout pages for the Counterfeit Products and pages from Defendants' Merchant Storefronts reflecting that the Defendants ship the Counterfeit Products to the New York Address are included in **Exhibit D**.

9

37.    Epstein Drangel confirmed that each Defendant is currently offering for sale and/or selling Counterfeit Products through their respective User Accounts and/or Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  Epstein Drangel's findings are supported by Defendants' listings for Counterfeit Products and/or the checkout pages for the Counterfeit Products, which are included in **Exhibit D**.

38.    For example, below on the left is an image of one of Plaintiff's Squishmallows Products.  Depicted further below is a listing for Defendant Dropshipping-Toys Store's Counterfeit Product ("Dropshipping-Toy Store Infringing Listing" and "Dropshipping-Toy Store Counterfeit Product," respectively).  The Dropshipping-Toy Store Infringing Listing appears on Defendant Dropshipping-Toy Store's Merchant Storefront, https://www.aliexpress.com/store/912169554, and offers the Dropshipping-Toy Store Counterfeit Product for $8.53 per item, using, featuring and/or incorporating one or more of the Squishmallows Marks and/or Squishmallows Works and/or confusingly or substantially similar marks or artwork in the listing title "kawaii **Squishmallow**ing stuffed plush toys for children cute mushroom fries plushie doll soft room decor birthday gift for kids" (emphasis added).  Further, the Dropshipping-Toy Store Counterfeit Product is virtually identical to one of Plaintiff's Squishmallows Products and features and/or incorporates one or more of the Squishmallows Marks and/or Squishmallows Works.  There is no question that the Dropshipping-Toy Store Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Squishmallows Products or that the Dropshipping-Toy Store Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use

of one or more of the Squishmallows Marks and/or Squishmallows Works:

**<u>Squishmallows Product</u>**                     **<u>Defendant's Counterfeit Product</u>**

                   

     39.    By way of another example, below on the left is an image of one of Plaintiff's Squishmallows Products. Depicted further below is a listing for Defendant Guangzhou Yimai Trading Co., Ltd.'s Counterfeit Product ("Guangzhou Yimai Trading Co., Ltd. Infringing Listing" and "Guangzhou Yimai Trading Co., Ltd. Counterfeit Product," respectively). The Guangzhou Yimai Trading Co., Ltd. Infringing Listing appears on Defendant Guangzhou Yimai Trading Co., Ltd.'s Merchant Storefront, https://ymai.en.alibaba.com/, and offers the Guangzhou Yimai Trading Co., Ltd. Counterfeit Product for $3.76 - $4.74 per item, using, featuring and/or incorporating one or more of the Squishmallows Marks and/or Squishmallows Works and/or confusingly or substantially similar marks or artwork in the listing title "20Cm Animal **Squishmallow**ing Plush Toys Custom For Kids" (emphasis added). Further, the Guangzhou Yimai Trading Co., Ltd. Counterfeit Product is virtually identical to one of Plaintiff's Squishmallows Products and features and/or incorporates one or more of the Squishmallows Marks and/or Squishmallows Works. There is no question that the Guangzhou Yimai Trading Co., Ltd. Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Squishmallows Products or that the Guangzhou Yimai Trading Co., Ltd. Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation

of Plaintiff by engaging in the unauthorized use of one or more of the Squishmallows Marks and/or

Squishmallows Works:

**<u>Squishmallows Product</u>**                    **<u>Defendant's Counterfeit Product</u>**

                    

40.    As another example, below on the left is an image of one of Plaintiff's Squishmallows

Products.  Depicted further below is a listing for Defendant Guangdong Sansan Supply Chain Co.,

Ltd.'s Counterfeit Product ("Guangdong Sansan Supply Chain Co., Ltd. Infringing Listing" and

"Guangdong Sansan Supply Chain Co., Ltd. Counterfeit Product," respectively).  The Guangdong

Sansan Supply Chain Co., Ltd. Infringing Listing appears on Defendant Guangdong Sansan Supply

Chain Co., Ltd.'s Merchant Storefront, https://wplayplushtoy.en.alibaba.com/, and offers the

Guangdong Sansan Supply Chain Co., Ltd. Counterfeit Product for $2.87 per item, using, featuring

and/or incorporating one or more of the Squishmallows Marks and/or Squishmallows Works and/or

confusingly or substantially similar marks or artwork in the listing title "Wholesale customized cute

**squishmallow** toys dinosaur plush pillow soft crab devil **squishmallow** plush" (emphasis added).

Further, the Guangdong Sansan Supply Chain Co., Ltd. Store Counterfeit Product is virtually

identical to one of Plaintiff's Squishmallows Products and features and/or incorporates one or more

of the Squishmallows Marks and/or Squishmallows Works.   There is no question that the

Guangdong Sansan Supply Chain Co., Ltd. Counterfeit Product is designed to confuse and mislead

consumers into believing that they are purchasing one of Plaintiff's Squishmallows Products or that

the Guangdong Sansan Supply Chain Co., Ltd. Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of one or more of the Squishmallows Marks and/or Squishmallows Works:

**Squishmallows Product**                    **Defendant's Counterfeit Product**

            

41.    By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the Squishmallows Marks and/or Squishmallows Works, and have used marks and/or artwork that are confusingly similar to, identical to, substantially similar to and/or constitute counterfeiting and/or infringement of the  Squishmallows Marks and/or Squishmallows Works in order to confuse consumers into believing that such Counterfeit Products are the Squishmallows Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the Squishmallows Marks and/or Squishmallows Works, after Plaintiff obtained a federal registration in the Squishmallows Marks and Squishmallows Works, as alleged above, and after Plaintiff's Squishmallows Products, Squishmallows Marks and Squishmallows Works became well-known to the purchasing public.

42.    Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Squishmallows Marks and

Squishmallows Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Squishmallows Products, and in bad faith adopted the Squishmallows Marks and/or Squishmallows Works.

43.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Squishmallows Marks, Squishmallows Works and Squishmallows Products.

44.     Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and has, and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

45.     By engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Squishmallows Marks and/or Squishmallows Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

46.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**<u>CAUSES OF ACTION</u>**

**FIRST CAUSE OF ACTION**
**(Trademark Counterfeiting)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

47.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48. Plaintiff is the exclusive owner of all right and title to the Squishmallows Registrations.

49. Plaintiff and its predecessor have continuously used the Squishmallows Registrations in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

50. Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Squishmallows Registrations and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Squishmallows Registrations and/or used spurious designations that are identical with, or indistinguishable from, the Squishmallows Registrations on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

51. Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Squishmallows Registrations through their participation in such activities.

52. Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Squishmallows Registrations to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the

Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

53.    Defendants' unauthorized use of the Squishmallows Registrations on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Squishmallows Registrations.

54.    Defendants' actions constitute willful counterfeiting of the Squishmallows Registrations in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

55.    As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Squishmallows Registrations and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Squishmallows Registrations.

56.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or

16

statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

57.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58.     Plaintiff and its predecessor have continuously used the Squishmallows Registrations in interstate commerce since on or before the dates of first use as reflected in the registration certificates attached hereto as **Exhibit B**.

59.     Plaintiff, as owner of all right, title and interest in and to the Squishmallows Registrations, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

60.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registrations for the Squishmallows Registrations.

61.     Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Squishmallows Registrations, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell the Squishmallows Products and/or related products bearing the Squishmallows Registrations into the stream of commerce.

62.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or

colorable imitations of the Squishmallows Registrations and/or which are identical or confusingly similar to the Squishmallows Registrations.

63.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Squishmallows Registrations and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

64.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Squishmallows Registrations.

65.     Defendants' egregious and intentional use of the Squishmallows Registrations in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Squishmallows Products or are otherwise associated with, or authorized by, Plaintiff.

66.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Squishmallows Registrations, as well as with bad faith and the intent to cause confusion, mistake and deception.

67.     Defendants' continued, knowing, and intentional use of the Squishmallows Registrations without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Squishmallows Registrations in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

68.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Squishmallows Registrations and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Squishmallows Registrations.

69.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(Infringement of Unregistered Trademarks)**
**[15 U.S.C. § 1125/Lanham Act § 43(a)]**

70.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

71.     Plaintiff and its predecessor have continuously used the Squishmallows Applications in interstate commerce since on or before the dates of first use as reflected in the applications attached hereto as Exhibit B.

72.     Plaintiff, as the owner of all right, title and interest in and to the Squishmallows Applications, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1125.

73.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the Squishmallows Applications.

74.     Defendants did not seek, and therefore necessarily failed, to obtain consent or authorization from Plaintiff, as the trademark owner of the Squishmallows Applications, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Squishmallows Products and/or related products bearing the Squishmallows Applications into the stream of commerce.

75.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products bearing and/or utilizing marks that are reproductions, copies and/or colorable imitations of the Squishmallows Applications and/or which are identical or confusingly similar to the Squishmallows Applications.

76.     Defendants knowingly and intentionally reproduced, copied and colorably imitated the Squishmallows Applications and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

77.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Squishmallows Applications.

78.     Defendants' egregious and intentional use of the Squishmallows Applications in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Squishmallows

Products or are otherwise associated with or authorized by Plaintiff.

79.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Squishmallows Applications, as well as with bad faith and the intent to cause confusion, mistake and deception.

80.     Defendants' continued, knowing and intentional use of the Squishmallows Applications without Plaintiff's consent or authorization constitutes intentional infringement of the Squishmallows Applications in violation of §43 of the Lanham Act, 15 U.S.C. § 1125.

81.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Squishmallows Applications and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Squishmallows Applications.

82.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

83.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

84.    Plaintiff, as the owner of all right, title and interest in and to the Squishmallows Marks has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

85.    The Squishmallows Marks are inherently distinctive and/or have acquired distinctiveness.

86.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly similar to, and constitute reproductions of the Squishmallows Marks and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Squishmallows Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, the Squishmallows Marks, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

87.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Squishmallows Products using marks that are identical and/or confusingly similar to, or which constitute colorable imitations of the Squishmallows Marks, Defendants have traded off the

extensive goodwill of Plaintiff and its Squishmallows Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Squishmallows Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

88.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks that are identical or confusingly similar to and constitute reproductions of the Squishmallows Marks would cause confusion, mistake or deception among purchasers, users and the public.

89.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Squishmallows Products and Squishmallows Marks.

90.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Squishmallows Products and by depriving Plaintiff of the value of its Squishmallows Marks as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the Squishmallows Marks.

91.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages

that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions

as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof,

enhanced discretionary damages and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

92.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the

preceding paragraphs as if fully set forth herein.

93.    Plaintiff is the exclusive owner of the Squishmallows Works.

94.    Defendants had actual notice of Plaintiff's exclusive rights in and to the Squishmallows

Works.

95.    Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent

or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute,

sell, transfer, rent, perform and/or market Plaintiff's Squishmallows Products and/or Squishmallows

Works.

96.    Without permission, Defendants knowingly and intentionally reproduced, copied, and

displayed the Squishmallows Works by manufacturing, importing, exporting, advertising, marketing,

promoting, distributing, displaying, offering for sale and/or selling infringing products which bear such

Squishmallows Works, or artwork that is, at a minimum, substantially similar to the Squishmallows

Works.

97.    Defendants' unlawful and willful actions as alleged herein constitute infringement of the

Squishmallows Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such

Squishmallows Works in violation of 17 U.S.C. § 501(a).

98.     Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

99.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

100.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

101.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Squishmallows Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

102.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit

25

Products.

103.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

104.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

105.    As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Squishmallows Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its Squishmallows Marks and Squishmallows Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

106.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.    In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.    For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered Squishmallows Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.    For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.    For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Squishmallows Works under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Squishmallows Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages to be proven at trial for common law unfair competition;

H.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

> i.      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

> ii.     directly or indirectly infringing in any manner any of Plaintiff's Squishmallows Marks and Squishmallows Works;

> iii.    using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Squishmallows Marks and Squishmallows Works, to identify any goods or services not authorized by Plaintiff;

> iv.     using any of Plaintiff's Squishmallows Marks or Squishmallows Works, or any other marks or artwork that are confusingly or substantially similar to the Squishmallows Marks or Squishmallows Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise

28

dealing in the Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi.   engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with Plaintiff;

viii.   engaging in any other act in derogation of Plaintiff's rights;

ix.   from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, Defendants' Assets from or to Defendants' Financial Accounts and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

x.   from secreting, concealing, transferring, disposing of, withdrawing,

29

encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xi.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

xii.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiii. instructing any other person or entity to engage or perform any of the activities referred to in subparagraphs (i) through (xii) above; and

I.    For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's Squishmallows Marks or Squishmallows Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks or Squishmallows Works;

J.    For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's Squishmallows Marks or Squishmallows Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Squishmallows Marks or Squishmallows Works pursuant to 15 U.S.C. § 1118;

K.      For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Counterfeit Products as described herein, including prejudgment interest;

L.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

M.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

N.      For Plaintiff's reasonable attorneys' fees;

O.      For all costs of suit; and

P.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: October 13, 2021                     Respectfully submitted,

                                            EPSTEIN DRANGEL LLP

                                    BY:     _____
                                            Danielle S. Futterman (DY 4228)
                                            dfutterman@ipcounselors.com
                                            Jason M. Drangel (JD 7204)
                                            jdrangel@ipcounselors.com
                                            Ashly E. Sands (AS 7715)
                                            asands@ipcounselors.com
                                            60 East 42nd Street, Suite 2520
                                            New York, NY 10165

Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*