Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Kelly Toys Holdings, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ALIALIALILL STORE, BABY -SHOPPING STORE, BAZINGA STORE, BBOTTRUOYS TOY STORE, BOBONIU STORE, CHENWANJU STORE, CHILDREN GROWING TREE STORE, CHINESE PLUSH TOY STORE, DONGGUAN SHENGEN HARDWARE PLASTIC CO., LTD., DONGGUAN WOODFIELD BABY PRODUCTS COMPANY LIMITED, DONGGUAN XINGKE GIFT CO., LTD., DROPSHIPPING-TOYS STORE, FAIRYLANDS TOY STORE, FCOT STORE, FOURTRY STORE, FRANCIS 001 STORE, FUN GAME FUN STORE, GUANGDONG SANSAN SUPPLY CHAIN CO., LTD., GUANGZHOU LITTLE TALENT TOYS CO., LTD., GUANGZHOU YIMAI TRADING CO., LTD., HANGZHOU AGREAT IMPORT & EXPORT CO., LTD., HEBEI KUNI ANIMATION INDUSTRY CO., LTD., HENAN YINGHUOZHIGUANG CULTURE MEDIA CO., LTD., MIKECRACK STORE, MONSTER JELLIE | CIVIL ACTION No.<br>21-cv-8434 (AJN)<br><br>AFFIDAVIT OF DANIELLE S. FUTTERMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND A PERMANENT INJUNCTION AGAINST DEFENDANTS |

CULTURE CO., LTD., MOVING DREAMING STORE, NANJING RUIFUTONG ARTS AND TOYS MANUFACTURING CO., LTD., QWJA STORE, SHANGHAI QIANJIU TRADING CO., LTD., SHENZEN TONGFEI INTERNATIONAL TRADE CO., LTD., SHENZHEN HECHUN TECHNOLOGY CO., LTD., SHENZHEN QINGHONG TOYS CO., LTD., SHOP5477120 STORE, SHOP910893006 STORE, SI TING STORE, SZ GTEAK TECHNOLOGY CO., LIMITED, TC XRC STORE STORE, TIKTOK IP STORE, VL STORE, XINXIANG PURUIGE IMPORT AND EXPORT TRADING CO., LTD., YAMONG STORE, YANGZHOU AIXINI INTERNATIONAL TRADE IMPORT AND EXPORT CO., LTD., YANGZHOU AORUNJU GIFTS CO., LTD., YANGZHOU BABYJOY ARTS & CRAFTS CO., LTD., YANGZHOU CUTESHOOT PLUSHIES CO., LTD., YANGZHOU DULALA CRAFTS LTD., YANGZHOU KINGSTONE TOYS CO., LTD., YANGZHOU MARISA TOY GIFTS CO., LTD., YANGZHOU SCS HOMETEXTILE CO., LTD., YANGZHOU WEIHU HANDICRAFT CO., LTD., YANGZHOU WOSEN TOYS CO., LTD., YIWU CHUANYU IMPORT AND EXPORT FIRM, YIWU DUOTONG E-COMMERCE CO., LTD., YIWU FUGUAN HOUSEHOLD SUPPLIES CO., LTD., YIWU HAIPING BAG FACTORY, YIWU QUANFA IMPORT & EXPORT COMPANY LIMITED, YIWU VICTORY IMPORT & EXPORT CO., LTD., YIWU XINTU IMPORT AND EXPORT CO., LTD., YIWU YINWEI HOUSEHOLD PRODUCTS CO., LTD., YIWU ZHENGZHI QIN TRADING FIRM and ZHANJIANG DYNAMIC POINT NETWORK TECHNOLOGY CO., LTD.,

*Defendants*

## AFFIDAVIT OF DANIELLE S. FUTTERMAN [1]

I, Danielle S. Futterman, hereby affirm as follows:

1. I am an associate attorney at Epstein Drangel, located at 60 East 42nd Street, Suite 2520, New York, New York 10165.

2. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein.

3. I have personal knowledge of every statement made in this Affidavit and such statements are true and correct.

4. I represent Kelly Toys Holdings, LLC in the above-referenced action against the above-captioned Defendants. As such, I am familiar with the facts and circumstances in this matter.

5. I make and submit this Affidavit in connection with Plaintiff's Motion for Default Judgment against Defaulting Defendants.

6. Upon information and belief, Defaulting Defendants are not infants, in the military or incompetent persons.

7. For the following reasons, I respectfully request that there is no just reason for delay in entering final judgment on Plaintiff's request for default judgment and entry of a permanent injunction.

### I.    NATURE OF PLAINTIFF'S CLAIMS

8. Plaintiff respectfully submits that the entry of default judgment against Defaulting Defendants is appropriate and seeks the following relief against Defaulting Defendants: 1) the entry of final judgment and permanent injunction by default in order to prevent Defaulting

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Memorandum of Law.

1

Defendants from infringing Plaintiff's intellectual property rights in the future; 2) individual statutory damages awards against each Defaulting Defendant in the amount of Fifty Thousand Dollars ($50,000.00) against each of the fifty-six (56) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act for a total of Two Million Eight Hundred Thousand Dollars ($2,800,000.00), plus post judgment interest calculated pursuant to the statutory rate; and 3) service of an asset restraining notice pursuant to CPLR § 5222.[2]

## II.    PROCEDURAL HISTORY

9. On October 13, 2021, Plaintiff filed this action against Defendants, including Defaulting Defendants, for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and related state and common law claims. (Dkt. 8).  Plaintiff moved *ex parte* against Defendants for an order to seal file, a temporary restraining order, an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions, an order to show cause why a preliminary injunction should not issue, an order authorizing bifurcated and alternative service and an order authorizing expedited discovery. (Dkts. 14-16).

10. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**.

---

[2] Through this Motion for Default Judgment, in addition to permanent injunctive relief, Plaintiff only seeks damages for its First and Second Causes of Action (Trademark Counterfeiting and Infringement), however, does not waive its remaining causes of action. Plaintiff does not seek monetary relief in connection with the remaining causes of action plead in the Complaint or attorneys' fees.

11. On October 25, 2021, the Court granted Plaintiff's Application and entered the TRO. A true and correct copy of the TRO is attached hereto as **Exhibit B**.

12. The TRO also specifically provided for the following alternative methods of service of the Summons, Complaint, TRO and all documents filed in support of Plaintiff's Application on Defendants: delivery of: (i) PDF copies of the TRO together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking the TRO to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C); or 2) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of the TRO together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking the TRO. *Id.*

13. On November 5, 2021, pursuant to the methods of alternative service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all documents filed in support of Plaintiff's Application on each and every Defaulting Defendant, among other Defendants. (Dkt. 24). A true and correct copy of the Certificate of Service regarding service of the Summons, Complaint and TRO on Defendants is attached hereto as **Exhibit C**.

14. As such, Defendants had until November 12, 2021 to answer the Complaint or move otherwise.

15. Plaintiff appeared at the PI Show Cause Hearing on November 12, 2021, however, no Defaulting Defendants appeared.

16. On the same day, November 12, 2021, the Court entered the PI Order against all Defendants, mirroring the terms of the TRO and extending through the pendency of the Action. (Dkt. 10).

17. On November 15, 2021, pursuant to the alternative methods of service authorized by the TRO and PI Order, Plaintiff served a copy of the PI Order on each and every Defendant. (Dkt. 22).

18. On March 9, 2022, Plaintiff requested an entry of default against Defaulting Defendants from the Clerk of the Court. (Dkts. 25-26).

19. On the same day, March 9, 2022, the Clerk of the Court entered a Certificate of Default against Defaulting Defendants. (Dkt. 27).  A true and correct copy of the Certificate of Default from the Clerk of the Court is attached hereto as **Exhibit D**.

20. To date, Defaulting Defendants have neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this action. (Ex. D).

### III.     DEFAULTING DEFENDANTS' DEFAULTS AND PLAINTIFF'S LACK OF DISCOVERY

21. Although Plaintiff properly effected service of the Summons, Complaint, TRO and all documents filed in support of its Application on all Defaulting Defendants in accordance with the alternative methods of service authorized by the TRO, Defaulting Defendants' failure to answer the Complaint or otherwise appear has deprived Plaintiff of the ability to confirm whether or not Defaulting Defendants ceased manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products. (Exs. C, D).

22. Due to Defaulting Defendants' defaults, Plaintiff was unable to engage in any discovery with Defaulting Defendants regarding the scope of their sales, profits and costs, among other discoverable issues.

23. Plaintiff cannot determine Defaulting Defendants' profits, quantify any expenses that Defaulting Defendants may have saved by counterfeiting Plaintiff's Squishmallows Marks and/or Squishmallows Works or assess any revenues lost by Plaintiff as a result of Defaulting Defendants' infringing and counterfeiting activities.

24. Plaintiff is deprived of the ability to prove a specific amount of actual damages and instead elects to seek statutory damages under the Lanham Act.

25. The statutory damages requested by Plaintiff under the Lanham Act are based upon the Defaulting Defendants' wrongful use(s) of the Squishmallows Marks.  Attached hereto as **Exhibit E** is a true and correct chart detailing 1) Defendants' wrongful use of the Squishmallows Marks in the undisputed evidence, and 2) the statutory damages requested by Plaintiff.

26. In Plaintiff's counsel's experience, it is usual and customary for counterfeiters, such as Defaulting Defendants, to sell across multiple e-commerce platforms.

27. Therefore, Defaulting Defendants probably utilize other e-commerce platforms, such as Wish.com or DHgate.com, as a matter of illustration, to circumvent the TRO and PI Order in order to continue to engage in counterfeiting activities, specifically the sale and/or offering for sale of Counterfeit Products.

## IV.     PLAINTIFF IS ENTITLED TO A FINAL JUDGMENT BY DEFAULT AGAINST DEFAULTING DEFENDANTS

28.     Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following the entry of default by the court clerk under Rule 55(a).

29. As aforementioned, Plaintiff has complied with Federal Rule of Civil Procedure 55(a). (Dkts. 28-30).

30. Therefore, Plaintiff respectfully requests that the Court enter default judgment against each and every Defaulting Defendant that remains in this action.

## V.   AN INQUEST INTO AN AWARD OF DAMAGES IS UNNECESSARY

31. Plaintiff respectfully submits that its requests for an award of statutory damages do not require the Court to conduct an evidentiary hearing.

32. Courts have awarded damages post-default without an evidentiary hearing based upon affidavits submitted by the plaintiff. *See*, *e.g.*, *Ideavillage Products Corp. v. 666668, et al.*, No. 18-cv-6850-CM, Dkt. #65 (S.D.N.Y. Jan. 9, 2020); *Ideavillage Products Corp. v. 1yuyan1, et al.*, No. 18-cv-10000-NRB, Dkt. #72 (S.D.N.Y. Dec. 9, 2019); *WOW Virtual Reality, Inc. v. mineral_sg, et al.,* No. 19-cv-5478-CM, Dkt. #61 (S.D.N.Y. Oct. 30, 2019); *WOW Virtual Reality, Inc. v. 1737515714, et al.*, No. 19-cv-5476-CM, Dkt. #53 (S.D.N.Y. Oct. 30, 2019); *Golden Goose Deluxe Brand d/b/a Golden Goose SpA v. Aierbushe, et al.*, No. 19-cv-2518-VEC, Dkts. 38-114 (S.D.N.Y. Oct. 17, 2019); *Spin Master Ltd. and Spin Master, Inc. v. 21CCN, et al.*, No. 18-cv-11086-RA, Dkt. #67 (S.D.N.Y. Sept. 6, 2019); Intenze Products, Inc. v. 1586, et al., Case No. 18-cv-4611-NRB, Dkt. #102 (S.D.N.Y. Aug. 22, 2019); *Moose Toys Pty LTD, et al., v. 5.29864, et al.*, No. 18-cv-8479-GBD, Dkt. #75 (S.D.N.Y. Aug. 15, 2019); *Allstar Marketing Group, LLC v. 24x7, et al.*, No. 18-cv-9043-JSR, Dkt. #59 (S.D.N.Y. Aug. 1, 2019); *William Mark Corporation v. 1104520362, et al.*, No. 18-cv-6715-PAC, Dkt. #64 (S.D.N.Y. Jul. 27, 2019); WOW Virtual Reality, Inc. v. 740452063 et al., Case No. 18-cv-3618-JFK, Dkt. #90 (S.D.N.Y. May 23, 2019); *Off-White LLC v. amazon001, et al.*, No. 19-cv-2067-JMF, Dkt. #34 (S.D.N.Y. May 17, 2019); Ideavillage Products Corp. v. ABC789456, et al., Case No. 18-cv-2962-NRB, Dkt. #53 (S.D.N.Y. May 1, 2019); *Mattel, Inc. v. 276470, et al.*, No. 18-cv-10440-KPF, Dkt. #62 (S.D.N.Y. Mar. 27,

2019); *Mattel, Inc. v. Aaron's Fashion Store, et al.*, No. 18-cv-10437-KPF, Dkt. #62 (S.D.N.Y. Mar. 27, 2019); *Mattel, Inc. v. 1994_honeymoon, et al.*, No. 18-cv-10427-KPF, Dkt. #59(S.D.N.Y. Mar. 27, 2019); *Allstar Marketing Group, LLC v. 158, et al.*, Case No 18-cv-4101-GHW, Dkt. #64 (S.D.N.Y. Mar. 12, 2019); *Tapestry, Inc., et al. v. baoqingtianff, et al.,* No. 18-cv-7650-PAE, Dkt. 34 (S.D.N.Y. Jan. 8, 2019); *Mattel, Inc. v. 86755, et al.,* No. 18-cv-8825-JSR, Dkt. 47 (S.D.N.Y. Dec. 17, 2018); *Ideavillage Products Corp. v. 711 Market, et al.,* No. 18-cv-7832-JMF, Dkt. 61 (S.D.N.Y. Dec. 12, 2018); *Wow Virtual Reality, Inc. v. BIENBEST, et al.,* No. 18-cv-3305-VEC, Dkts. 210-289, 302 (S.D.N.Y. Dec. 5, 2018); *Moose Toys Pty Ltd., et al. v. 963, et al.,* No. 18-cv-2187-VEC, Dkts. 160-251, 257 (S.D.N.Y. Nov. 30, 2018); *Off-White LLC v. A445995685, et al.,* No. 18-cv-2099-LGS-KNF, Dkt. 129 (S.D.N.Y. Nov. 16, 2018); *Ideavillage Products Corp. v. 29shyans2012, et al.,* 18-cv-6266 (AT), Dkt. 49 (S.D.N.Y. Nov. 6, 2018); *WowWee Group Limited, et al. v. A249345157, et al.,* No. 17-cv-9358 (VEC), Dkts. 46-179 (S.D.N.Y. July 31, 2018); *Allstar Marketing Group, LLC v. _GB Housewear Store, et al*., 17-cv-7596 (SHS), Dkt. 92 (S.D.N.Y. July 9, 2018); *Rovio Entertainment Ltd. and Rovio Animation Oy v. Best Baby and Kid Store, et al.*, 17-cv-4884 (KPF), Dkt. 38 (S.D.N.Y. June 28, 2018); *JLM Couture, Inc. v. Aimibridal, et al.*, 18-cv-1565 (JMF), Dkt. 49 (S.D.N.Y. June 7, 2018); *HICKIES, Inc. v. SHOP1668638 Store a/k/a Professional Shoes Company, et al.,* No. 17-cv-9101 (ER), Dkt. 22 (S.D.N.Y. May 4, 2018); *Ideavillage Products Corp. v. Dongguan Opete Yoga Wear Manufacturer Co., LTD., et al.,* No. 17-cv-9099 (JMF), Dkt. 34 (S.D.N.Y. March 1, 2018); *Ideavillage Products Corp. v. Chinafocus, et al.,* No. 17-cv-3894 (RA), Dkt. 50 (S.D.N.Y. Feb. 9, 2018); *Ontel Products Corp. v. Auto Mall, et al.,* No. 17-cv-5190 (AT), Dkt. 36 (S.D.N.Y. Nov. 27, 2017); *Rovio Entertainment Ltd. and Rovio Animation Oy v. Angel Baby Factory d/b/a Angelbaby_factory, et al.*, 17-cv-1840 (KPF), Dkt. 65 (S.D.N.Y. Sept. 13, 2017); *Ontel Products Corp. v. Airbrushpainting Makeup, et al.,* No. 17-cv-871 (KBF), Dkt. 40 (S.D.N.Y. June 29, 2017); *Church

*& Dwight Co.*, 697 F. Supp. 2d at 295; *Rolex Watch U.S.A. Inc. v. Brown*, 2002 U.S. Dist. LEXIS 10054, *54, (S.D.N.Y. June 5, 2002); *see also Tamarin v. Adams Caterers*, 13 F.3d 51, 54 (2d Cir. 1993).

## VI. THE COURT MAY AND SHOULD ORDER DEFAULT JUDGMENT ON THE ISSUE OF DAMAGES PRIOR TO THE RESOLUTION OF THE ENTIRE ACTION

33. Plaintiff seeks default judgment against all Defaulting Defendants remaining in this action. (Ex. D).

34. Although courts "have refused to assess damages against defaulting defendants in [cases where some defendants remain in the lawsuit] since doing so presents the possibility of judgments inconsistent with jury awards against the non-defaulting parties," the instant Action does not create such concerns. *Int'l Gemmological Inst., Inc. v. Rafaeil*, 2005 U.S. Dist. LEXIS 19288, at *6 (S.D.N.Y. Aug. 17, 2005).

35. Therefore, Plaintiff respectfully submits that it is appropriate for the Court to enter statutory damages awards at this time.

36. Moreover, no part of the judgment sought by Plaintiff has been paid.

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on this 11th day of March 2022 in New York, New York.

By: /s/ Danielle S. Futterman
Danielle S. Futterman