UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
KELLY TOYS HOLDINGS, LLC,                                    :
                                                             :
                                              Plaintiff,     :   **ORDER**
                    -against-                                :
                                                             :   21 Civ. 8434 (AKH)
ALIALIALILL STORE, et al.,                                   :
                                                             :
                                              Defendants.    :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case concerns a trademark infringement action filed by Kelly Toys Holdings, LLC ("Plaintiff") against 61 Defendants (the "Defaulting Defendants") allegedly engaged in marketing and selling counterfeit versions of Plaintiff's Squishmallows line of collectible dolls. (ECF No. 8). On October 25, 2021, the Court granted Plaintiff's motion for a temporary restraining order ("TRO"), which included an asset restraining order on each Defendant's financial and online service accounts. (ECF No. 17). On November 12, 2021, the Court entered a preliminary injunction order mirroring the terms of the TRO and extending through the pendency of this action (ECF Nos. 10, 21). The Defaulting Defendants have not appeared in this action and failed to answer or otherwise respond to the Complaint. On June 9, 2022, the Court adopted a Report and Recommendation from United States Magistrate Judge Robert W. Lehrburger ("R&R") and granted Plaintiff's Motion for Default Judgment and a Permanent Injunction. (ECF No. 34).

        Plaintiff alleges that on or about April 28, 2023, four of the Defendants (BBOTTRUOYS Toy Store, Shenzhen Tongfei International Trade Co., Ltd., Yangzhou Kingstone Toys Co., Ltd. and Yiwu Xintu Import and Export Co., Ltd.) were offering for sale

1

and selling counterfeit products on the platforms of Third Party Service Providers Alibaba and AliExpress in violation of the Permanent Injunction Order. They further allege that Alibaba and AliExpress have aided and abetted Defendants' activities by continuing to provide services to the Defendants and taking actions to promote the sale of the counterfeit products.

On April 28, 2023, Plaintiff filed an application for an Order to Show Cause Why an Order should not be entered (1) directing Defendants to comply with the Permanent Injunction Order; (2) directing Alibaba and AliExpress to cease aiding and abetting Defendants in violating the Permanent Injunction Order; and (3) holding Defendants, Alibaba, and AliExpress in contempt for their violations of the Permanent Injunction Order. (ECF No. 41). Defendants BBOTTRUOYS Toy Store, Shenzhen Tongfei International Trade Co., Ltd., Yangzhou Kingstone Toys Co., Ltd., and Yiwu Xintu Import and Export Co., Ltd. and Alibaba and AliExpress were ordered to show cause before the Court on May 30, 2023. (ECF No. 44). For the reasons discussed during oral argument, and in view of the parties' submissions, I hold as follows:

    1.    Plaintiff's motions for (i) an Order directing the Defendants to comply with the directives of the Permanent Injunction Order and (ii) an Order holding Defendants in contempt are denied as futile. Defendants BBOTTRUOYS Toy Store, Shenzhen Tongfei International Trade Co., Ltd., Yangzhou Kingstone Toys Co., Ltd., and Yiwu Xintu Import and Export Co., Ltd. have failed to appear or otherwise respond to the Complaint or Permanent Injunction Order. The names of individuals associated with these Defendants are unknown, and the Court is not aware of any addresses or alternative means for service of process upon the

Defendants. The Permanent Injunction remains in full force and effect. *See* ECF Nos. 10, 40.

2. Plaintiff's motions for (i) an Order directing Alibaba and AliExpress to cease aiding and abetting Defendants in continuing to engage in their counterfeiting activities in violation of the Permanent Injunction Order and (ii) an Order holding Alibaba and AliExpress in contempt for violations of the Permanent Injunction are denied. Plaintiff has failed to demonstrate that Alibaba and AliExpress are "in active concert or participation with" the enjoined Defendants. Fed. R. Civ. P. 65(d)(2); *see also Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 275 (2d Cir. 2011). Alibaba and AliExpress have promptly removed all infringing listings by Defendants when notified by Plaintiff, and the arms-length marketplace services provided to Defendants by Alibaba and AliExpress storefronts do not demonstrate "substantial[] intertwine[ment]" with Defendants. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018).

Plaintiff may consider suing Alibaba and AliExpress directly for contributory infringement.

SO ORDERED.

Dated: May 31, 2023
New York, New York

/s/ Alvin Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge

3