UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
KELLY TOYS HOLDINGS, LLC,                                    :    ORDER AND OPINION
                                                             :    DENYING THE ALIBABA
                                               Plaintiff,    :    DEFENDANTS' MOTION TO
                         -against-                           :    DISMISS
                                                             :
ALIALIALILL STORE, et al.,                                   :    21 Civ. 8434 (AKH) (RWL)
                                                             :
                                              Defendants.    :
------------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Kelly Toys Holdings, LLC ("Kelly Toys") is a toy manufacturer that creates the popular line of Squishmallow collectible stuffed animals. Kelly Toys originally brought this action against sixty-one merchants operating storefronts on the Alibaba platforms ("merchant defendants"), alleging that the merchant defendants were selling unlicensed toys that infringed on their Squishmallow trademarks and copyright. Kelly Toys also sought to hold Alibaba and AliExpress ("the Alibaba defendants") liable for their alleged role in allowing these counterfeiting storefronts to continue operating on their platforms. After finding several, new infringing listings on merchant defendants' storefronts, Kelly Toys moved for an order to show cause finding that the Alibaba defendants were aiding and abetting in the merchant defendants' counterfeit activities. ECF No. 41. I held oral arguments on the motion and determined that Kelly Toys had failed to show the necessary active participation or concerted activity by the Alibaba defendants in the merchant defendants' counterfeit sales. ECF No. 54. However, I noted that Kelly Toys was free to file a direct Complaint against the Alibaba defendants. ECF No. 60, Tr. at 45:15-18.

Plaintiff heeded this advice and re-opened the case, filing an amended pleading that added

1

claims against Alibaba and AliExpress directly for contributory trademark and copyright infringement as well as vicarious copyright infringement. ECF No. 81. Following this filing, the Alibaba defendants moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Kelly Toys's claims against them. ECF No. 91.

## Legal Standard

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the non-moving party. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). However, to survive the motion to dismiss, a claim still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id*. If the plaintiff's pleadings "have not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## Discussion

After reviewing the parties' briefs and the Amended Complaint, I find that Kelly Toys has plausibly alleged claims of contributory and vicarious infringement of its intellectual property. Kelly Toys has argued, and shown through images in its Complaint and opposition, that certain merchant defendants, known by the Alibaba defendants to have been unlawfully infringing on the Plaintiff's trademark and copyright in the past, have continued to sell counterfeit products on their storefronts. Kelly Toys further writes that its counsel made the Defense aware of these infringing listings outside of court filings, and yet neither the infringing listings nor the infringing sellers were removed from

the sites. Some of these storefronts were run by merchant defendants who, according to Kelly Toys, are in blatant violation of the Alibaba defendants' "three strike policy," which requires deactivation of a storefront after three instances of counterfeiting or otherwise improper activity is discovered. Yet the stores remain in operation. Moreover, while the degree to which the Alibaba defendants have an active hand in the Gold Supplier services provided to some of the merchant defendants is unclear, it is apparent that by promoting the infringing merchant defendants' products through the program's outreach and marketing, the Alibaba defendants were supporting the infringing enterprises in some way. Whether this amounts to the type of inducement, support, or material contribution that gives rise to contributory or vicarious infringement of trademarks or copyright will depend on further discovery. But at this phase of the litigation, plausible claims for contributory and vicarious infringement have been alleged.

The Alibaba defendants' motion to dismiss is therefore denied. They shall file their Answer by May 17, 2024. The parties shall file a joint civil case management plan in the form provided by my Rules, and appear at an Initial Case Management Conference to be held May 31, 2024 at 10:00 am.

The Clerk of Court shall terminate ECF No. 91.

SO ORDERED.

Dated:  April 30, 2024                _/s/ Alvin K. Hellerstein_____
        New York, New York            ALVIN K. HELLERSTEIN
                                      United States District Judge