## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

KELLY TOYS HOLDINGS, LLC,

                                  Plaintiff,

vs.

ALIALIALILL STORE, et al.,

                                  Defendants.

Civil No. 21-cv-8434 (AKH)

**THE ALIBABA DEFENDANTS'
AMENDED ANSWER TO THE
FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants Alibaba.com Singapore E-Commerce Pte. Ltd. ("Alibaba.com Singapore") and AliExpress E-Commerce One Pte. Ltd. ("AliExpress E-Commerce One," and together with Alibaba.com Singapore, the "Alibaba Defendants") hereby answer the Amended Complaint (Dkt. No. 81) ("FAC") of Kelly Toys Holdings, LLC (the "Plaintiff") as follows.  The FAC's section headings are carried over for reference only, and the Alibaba Defendants deny any allegations contained in the section headings.

By submitting this Answer, the Alibaba Defendants expressly reserve and do not waive any applicable rights, defenses, or objections.  The Alibaba Defendants also expressly reserve the right to amend this Answer and their affirmative defenses based on, *inter alia*, facts learned during discovery and the Alibaba Defendants' ongoing investigation of Plaintiff's claims.  Unless expressly stated herein, nothing in this Answer should be construed as an admission by the Alibaba Defendants of any facts set forth in the FAC.  The Alibaba Defendants make no

representations, concessions, or admissions regarding the relevance or appropriateness of any facts set forth in the FAC.

## NATURE OF THE ACTION

1.    Paragraph 1 is a description of Plaintiff's legal claims in this action to which no response is required.  To the extent a response is required, the Alibaba Defendants admit that this action involves Plaintiff's trademark infringement and copyright infringement claims under federal and state law.

## JURISDICTION AND VENUE

2.    Paragraph 2 states legal conclusions to which no response is required.

3.    The first sentence of Paragraph 3 states a legal conclusion to which no response is required.

    a.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3(a) and therefore deny the allegations in Paragraph 3(a).

    b.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3(b) and therefore deny the allegations in Paragraph 3(b).

    c.    The Alibaba Defendants admit that they regularly conduct, transact and/or solicit business in the U.S. and New York specifically and derive substantial revenue from goods and/or services used and/or consumed in the U.S. and New York.  The Alibaba Defendants deny that they have derived revenue in connection with the alleged unlawful conduct Plaintiffs complain of.  The Alibaba Defendants deny the remainder of Paragraph 3(c).

    d.   Admit.

    e.   Admit.

    f.   To the extent the allegations in Paragraph 3(f) relate to the Merchant Defendants, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  To the extent the allegations in Paragraph 3(f) relate to the Alibaba Defendants, the Alibaba Defendants deny those allegations.

    g.   To the extent the allegations in Paragraph 3(g) relate to the Merchant Defendants, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.  To the extent the allegations in Paragraph 3(g) relate to the Alibaba Defendants, the Alibaba Defendants admit that they are aware of Plaintiff and admit that the TRO in this action identified certain of Plaintiff's registered copyrights and trademarks and certain allegedly infringing listings, but aver that such information did not provide the Alibaba Defendants with knowledge of all current and future listings that infringe any of Plaintiff's intellectual property.  The Alibaba Defendants deny that they have engaged in counterfeiting or infringing actions.  To the extent the allegations in Paragraph 3(g) are legal conclusions, no response is required.

    h.   Admit.

    i.   The Alibaba Defendants admit that Alibaba.com Singapore operates the Alibaba.com e-commerce platform and that AliExpress E-Commerce One operates the AliExpress platform.  The Alibaba Defendants also admit that

certain sellers on those platforms may list items for sale on the Alibaba.com and AliExpress platforms and sell those goods to consumers located in the U.S., including New York. The Alibaba Defendants otherwise deny the allegations in Paragraph 3(i).

4.      Paragraph 4 states a legal conclusion to which no response is required.

## PARTIES

5.      The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny the allegations in Paragraph 5.

6.      The Alibaba Defendants admit that the Merchant Defendants are merchants or have been merchants on Alibaba.com or AliExpress, and that merchant storefronts on Alibaba.com and Express typically identify the merchant's typical place of business. The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny the allegations in Paragraph 6.

7.      Admit.

8.      Admit.

9.      Paragraph 9 states a legal conclusion to which no response is required.

10.     Admit.

## GENERAL ALLEGATIONS

11.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the allegations in Paragraph 11.

12.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the allegations in Paragraph 12.

13.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the allegations in Paragraph 13.

14.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the allegations in Paragraph 14.

15.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the allegations in Paragraph 15.

16.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the allegations in Paragraph 16.

17.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the allegations in Paragraph 17.

18.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the allegations in Paragraph 18.

19.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny the allegations in Paragraph 19.

20.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the allegations in Paragraph 20.

21.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny the allegations in Paragraph 21.

22.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the allegations in Paragraph 22.

23.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the allegations in Paragraph 23.

24.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the allegations in Paragraph 24.

25.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the allegations in Paragraph 25.

26.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the allegations in Paragraph 26.

27.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the allegations in Paragraph 27.

28.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the allegations in Paragraph 28.

29.     The Alibaba Defendants deny the first sentence of Paragraph 29.   The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the second sentence in Paragraph 29 and therefore deny that sentence.

30.     The Alibaba Defendants admit that Alibaba.com Singapore and AliExpress E-Commerce One own, operate, and control the platforms Alibaba.com and AliExpress, respectively.  The Alibaba Defendants further admit that Alibaba.com and AliExpress are online marketplaces and e-commerce platforms that allow independent manufacturers, wholesalers, and third-party merchants to advertise, distribute, offer for sale, sell, and ship their wholesale and retail products directly to consumers worldwide, and that in many instances, the products originate from China and the consumers reside in the U.S., including New York.

31.     The Alibaba Defendants deny the allegations in Paragraph 31 to the extent they purport to refer to sales that the Alibaba Defendants generated.  The Alibaba Defendants note that that the May 5, 2016 6-K referenced in the article cited in Paragraph 31 concerns sales generated by Alibaba Group Holding Ltd. ("AGHL"), not sales generated by the Alibaba

Defendants.  The Alibaba Defendants aver that AGHL is the ultimate parent company of Alibaba.com Singapore and AliExpress E-commerce One.

32.     The Alibaba Defendants deny the allegation in Paragraph 32 to the extent it purports to refer to "Alibaba," which is defined in the First Amended Complaint as the Alibaba.com platform.  The Alibaba Defendants aver that in the press release cited in Paragraph 32, AGHL announced its revenue was $109.48 billion in the fiscal year ending on March 31, 2021, an increase of 41% year-over-year.

33.     The Alibaba Defendants admit that the article cited in Paragraph 33 reported that the "growth in sales on AliExpress comes from the increasing number of buyers, particularly from the United States, Russia and Brazil."

34.     The Alibaba Defendants admit that the Business Insider article cited in Paragraph 34 states, "[Alibaba's] 11/11 Singles' Day sales eclipsed analyst expectations with over $14 billion processed on the company's platforms in just 24 hours."  The Alibaba Defendants further admit that the cited Business Insider articles states that "Daniel Wei, at Credit Suisse, wrote in a note that the top five non-Chinese countries with packages coming from Alibaba were the US, Singapore, Malaysia, Australia, and Canada."

35.     The Alibaba Defendants deny the allegation in Paragraph 35 to the extent it states that the Alibaba Defendants "set a new Singles Day record."  The Alibaba Defendants note that the article cited in Paragraph 35 does not refer to the Alibaba Defendants, but states that AGHL (not the Alibaba Defendants) reported a final gross merchandise volume of $84.54 billion from its 2021 Singles Day event.

36.     The Alibaba Defendants deny the allegation in Paragraph 36 to the extent it attributes the statements made (or the lack of comments provided) in the cited CNBC news

article to the Alibaba Defendants. The Alibaba Defendants note that the article cited states that AGHL (not the Alibaba Defendants) did not share the final gross merchandise value for its Singles Day event in 2022, but reported that sales were "in line" with the gross merchandise volume from 2021.

37.     The Alibaba Defendants deny Paragraph 37 to the extent it mischaracterizes the articles cited therein. The Alibaba Defendants also deny Paragraph 37 to the extent it alleges that these allegations were "recently addressed" in the cited articles because the articles cited in Paragraph 37 were published in 2016 and 2017. The Alibaba Defendants deny that there is an "astronomical number of counterfeit and infringing products offered for sale and sold on Alibaba and AliExpress." The Alibaba Defendants lack information sufficient to confirm or deny the existence of counterfeit and infringing products on "other online platforms." The Alibaba Defendants aver that several of the articles cited in Paragraph 37 describe the Alibaba Defendant's anti-counterfeiting efforts, including "quicker removal of infringing listings," their proactive removal of "380 million suspect product listings in one 12-month period", and their "$160 million [expenditure] in anti-counterfeiting efforts."

38.     The Alibaba Defendants admit that the USTR added AliExpress to its list of 2021 "notorious markets" and that the quoted language appears in the CNN article cited in Paragraph 38.

39.     The Alibaba Defendants admit that AliExpress was included on the USTR's list of "notorious markets" in 2022. The Alibaba Defendants aver that the second sentence of Paragraph 39 is inaccurately paraphrased.

40.     The Alibaba Defendants admit that the Merchant Defendants named in the FAC operate or have operated storefronts on Alibaba.com or AliExpress. The Alibaba Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore deny those allegations in Paragraph 40.

41.    The Alibaba Defendants admit that the Merchant Defendants named in the FAC offer for sale or have offered for sale consumer products on Alibaba.com or AliExpress. The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore deny those allegations in Paragraph 41.

42.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore deny the allegations in Paragraph 42.

43.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny the allegations in Paragraph 43.

44.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny the allegations in Paragraph 44.

45.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny the allegations in Paragraph 45.

46.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny the allegations in Paragraph 46.

47.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny the allegations in Paragraph 47.

48.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny the allegations in Paragraph 48.

49.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny the allegations in Paragraph 49.

50.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the allegations in Paragraph 50.

51.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny the allegations in Paragraph 51.  The Alibaba Defendants aver that they have removed the alleged infringing listing identified in Paragraph 51.

52.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny the allegations in Paragraph 52.  The Alibaba Defendants aver that they have removed the alleged infringing listing identified in Paragraph 52.

53.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny the allegations in Paragraph

53. The Alibaba Defendants aver that they have removed the alleged infringing listing identified in Paragraph 53.

54. The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny the allegations in Paragraph 54. To the extent any statements in Paragraph 54 are legal conclusions, no response is required.

55. The Alibaba Defendants deny the allegations in Paragraph 55 to the extent they purport to describe the alleged knowledge of the Alibaba Defendants. The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations relating to the knowledge of the Merchant Defendants, and therefore deny those allegations in Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny the allegations in Paragraph 58.

59. Paragraph 59 states a legal conclusion to which no response is required.

60.     The Alibaba Defendants admit that they received a copy of the TRO entered in *Kelly Toys Holdings, LLC v. 27955068 Store, et al.*, Case No. 21-cv-3081 (DLC) (S.D.N.Y. 2021) in April 2021.  The Alibaba Defendants admit that the TRO identified certain of Plaintiff's registered copyrights and trademarks and certain allegedly infringing listings, but aver that such information did not provide the Alibaba Defendants with knowledge of all current and future listings that infringe any of Plaintiff's intellectual property.  The Alibaba Defendants aver that they removed the allegedly infringing listings identified in the TRO promptly after receiving notice of them.

61.     Admit.

62.     The Alibaba Defendants admit that they were served with Preliminary Injunction Orders and Temporary Restraining Orders in the Previous Actions identified in Footnote 20 to Paragraph 61.  The Alibaba Defendants further admit, based on a review of the applicable complaints,  Dongguan Woodfield Baby Products Company Limited was named in *Squishmallows II*, Shanghai Qianjiu Trading Co., Ltd. was named in *Squishmallows II*, Yangzhou Aixini International Trade Import and Export Co., Ltd. was named in *Squishmallows I*, Yangzhou Dulala Crafts Ltd. was named in *Squishmallows I*, Yangzhou Marisa Toy Gifts Co., Ltd. was named in *Squishmallows II*, Yiwu Quanfa Import & Export Company Limited was named in *Squishmallows II* and Yiwu Zhengzhi Qin Trading Firm was named in *Squishmallows II*, as those actions are defined in Footnote 20.  The Alibaba Defendants deny the remaining allegations in Paragraph 62.

63.     The Alibaba Defendants admit that in each of the Previous Actions cited in Footnote 20, the court entered a Temporary Restraining Order and a Preliminary Injunction.  The Alibaba Defendants admit that a Default Judgment and Permanent Injunction Order was entered

in the Previous Actions cited in Footnote 20. The Alibaba Defendants admit that they were provided copies of those Temporary Restraining Orders, Permanent Injunction Orders, and Permanent Injunction Orders in the Previous Actions. The Alibaba Defendants further aver that they were not parties to any of the Previous Actions at the time the Temporary Restraining Orders, Preliminary Injunction Orders, or Permanent Injunction Orders were entered, nor were the Alibaba Defendants in "active concert or participation" with any of the merchants identified in those Orders, and therefore are not bound by those orders. The Alibaba Defendants deny that each and every Merchant Defendant were named in the Previous Actions. The Alibaba Defendants aver that only seven of the sixty-one Merchant Defendants were named in the Previous Actions filed by Plaintiff.

64.    Admit.

65.    Deny.

66.    The Alibaba Defendants admit that, pursuant to the Alibaba.com repeat infringer policy, Alibaba.com Singapore will terminate a seller on Alibaba.com if it engages in three "serious" copyright or trademark infringements within a one-year period. The Alibaba Defendants further admit that, pursuant to the AliExpress repeat infringer policy, AliExpress E-Commerce One will terminate a seller on AliExpress after the seller has engaged in three "serious violations" of trademark rights within a one-year period. The Alibaba Defendants aver that during the relevant period, temporary restraining orders and preliminary injunction orders did not generate strikes under either policy, but were subject to a distinct set of anti-infringement standards and associated penalty mechanisms, which could also ultimately result in the closure of impacted storefronts. The Alibaba Defendants aver that notices of infringing listings on Alibaba.com or AliExpress are reviewed by Alibaba's IP Protection Team, whereas Alibaba's

14

legal department handles temporary restraining orders and preliminary injunctions. The Alibaba Defendants further aver that they do not operate Taobao.com, Tmall.com or 1688.com and therefore lack sufficient knowledge to confirm or deny the remaining allegations.

67.    The Alibaba Defendants admit that Epstein Drangel sent their outside counsel a list of merchants that Epstein Drangel had allegedly named in various prior actions. The Alibaba Defendants aver that only three of 55 merchants identified by Epstein Drangel are defendants in this action. The Alibaba Defendants further aver that the temporary restraining orders identified were filed over a four-year period and many relate to products other than Squishmallows. The Alibaba Defendants otherwise deny the allegations in Paragraph 67.

68.    The Alibaba Defendants admit Francis 001 Store, Xinxiang Puruige Import And Export Trading Co., Ltd. and Yangzhou Marisa Toy Gifts Co., Ltd. are named in this action and were identified in Epstein Drangel's April 14, 2022 communication to the Alibaba Defendants' outside counsel and were named in Previous Actions brought by Plaintiff, but aver that the April 14, 2022 communication and the Previous Actions did not give the Alibaba Defendants knowledge that those merchants would infringe in the future.

69.    Deny.

70.    Deny.

71.    Deny.

72.    The allegation in Paragraph 72 fails to provide sufficient specificity for the Alibaba Defendants to admit or deny (for example, it does not identify which counsel, what date, or the form of the alleged communication), and therefore the Alibaba Defendants deny the allegation in Paragraph 72.

73.    Admit.

74.     The Alibaba Defendants admit that, on October 25, 2021, Epstein Drangel sent an email attaching a copy of the TRO. The Alibaba Defendants aver that they were not parties to this Action at the time the TRO was entered, nor were the Alibaba Defendants in "active concert or participation" with any of the Merchant Defendants identified in the TRO.

75.     Admit.

76.     Admit.

77.     The Alibaba Defendants admit that, on November 15, 2021, Epstein Drangel sent an email attaching a copy of the PI Order.  The Alibaba Defendants aver that they were not parties to this Action at the time the PI Order was entered, nor were the Alibaba Defendants in "active concert or participation" with any of the Merchant Defendants identified in the PI Order.

78.     Admit.

79.     Admit.

80.     Admit.

81.     The Alibaba Defendants admit that, on June 9, 2022, Epstein Drangel sent an email attaching a copy of the Permanent Injunction Order.  The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff served the Permanent Injunction Order on any other Defendant.

82.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny the allegations in Paragraph 82.

83.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny the allegations in Paragraph 83.

84.     The Alibaba Defendants admit that on April 28, 2023, Plaintiff filed an application for an Order to Show Cause Why an Order should not be entered granting Plaintiff the following relief: (1) directing Defendants to comply with the Permanent Injunction Order; (2) directing Third Party Service Providers Alibaba and AliExpress to cease aiding and abetting Defendants in violating the Permanent Injunction Order; and (3) holding Defendants, Alibaba and AliExpress in contempt for their violations of the Permanent Injunction Order.

85.     Admit.

86.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny the allegations in Paragraph 86.

87.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny the allegations in Paragraph 87.

88.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore deny the allegations in Paragraph 88.

89.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore deny the allegations in Paragraph 89.

90.     The Alibaba Defendants aver that the TRO, PI Order and Permanent Injunction Order entered in this Action do not compel them to terminate the storefronts of Merchant Defendants entirely. The Alibaba Defendants further aver that as of the date of the FAC they provided the Merchant Defendants the same content-neutral services available to all merchants

on Alibaba.com and AliExpress.  The Alibaba Defendants deny that they knowingly allow the

Merchant Defendants to sell counterfeit products.

91.    The Alibaba Defendants admit that the quoted language in Paragraph 91 appears

in AGHL's May 6, 2014 Form F-1 filing.

92.    The Alibaba Defendants admit that the quoted language in Paragraph 92 appears

in AGHL's May 6, 2014 Form F-1 filing.

93.    The Alibaba Defendants admit that the quoted language in Paragraph 93 appears

in the Alibaba Group 2022 Annual Report.

94.    The Alibaba Defendants admit that the quoted language in Paragraph 94 appears

in the Alibaba Group 2022 Annual Report.

95.    The Alibaba Defendants admit that the quoted language in Paragraph 95 appears

in the Alibaba Group 2022 Annual Report.

96.    The Alibaba Defendants admit that the quoted language in Paragraph 96 appears

in the Alibaba Group 2022 Annual Report.

97.    The Alibaba Defendants admit that the quoted language in Paragraph 97 appears

in the Alibaba Group 2022 Annual Report.

98.    The Alibaba Defendants admit that the quoted language in Paragraph 98 appears

in the Alibaba Group 2022 Annual Report.

99.    The Alibaba Defendants admit that Dongguan Woodfield Baby Products

Company Limited, Dongguan Xingke Gift Co., Ltd., Guangzhou Little Talent Toys Co., Ltd.,

Guangzhou Yimai Trading Co., Ltd., Hangzhou Agreat Import & Export Co., Ltd., Nanjing

Ruifutong Arts And Toys Manufacturing Co., Ltd., Shanghai Qianjiu Trading Co., Ltd.,

Shenzhen Hechun Technology Co., Ltd., Yangzhou Aorunju Gifts Co., Ltd., Yangzhou Dulala

Crafts Ltd., Yangzhou Kingstone Toys Co., Ltd., Yangzhou Wosen Toys Co., Ltd., Yiwu Quanfa

Import & Export Company Limited, Yangzhou Babyjoy Arts & Crafts Co., Ltd., Yiwu Fuguan

Household Supplies Co., Ltd., Yiwu Xintu Import And Export Co. Ltd. are "Gold Suppliers."

The Alibaba Defendants deny that Dongguan Shengen Hardware Plastic Co., Ltd.,  Yangzhou

Cuteshoot Plushies Co., Ltd., and  Yangzhou SCS Hometextile Co., Ltd., are "Gold Suppliers."

100.    The Alibaba Defendants admit that when users visit the Alibaba.com homepage,

the homepage may feature sections titled "New arrivals", "Top-ranking" products,

"Customizable products" and "Ready-to-ship products."

101.    The Alibaba Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 101 and therefore deny the allegations in Paragraph

101. The Alibaba Defendants aver that the homepages on Alibaba.com and AliExpress are not

static, and different listings will appear for each specific user based on, in part, that user's

browsing and purchasing history.

102.    The Alibaba Defendants admit that certain sellers on Alibaba.com are denoted as

"Verified Suppliers" or "Assessed Suppliers."

103.    The Alibaba Defendants admit that the quoted language in Paragraph 103 appears

in the Alibaba.com webpage cited in Paragraph 103, except that it should read "4 or 5" star

suppliers.

104.    The Alibaba Defendants admit that the quoted language appears in the website

cited in Paragraph 104.

105.    The Alibaba Defendants admit that "Verified Supplier" profile pages on

Alibaba.com typically include an "actual factory inspection" video and 360 panorama

photographs taken at their factories.  Such videos and photos will have a "Verified" logo in the

top left corner.  The Alibaba Defendants aver that "Verified Supplier" factory inspections are all handled by independent third-party institutions, not by any Alibaba entity, and the resulting videos and photos are from the independent third-party institution that conducted the inspection. The factory and inspection videos are all uploaded by third-party sellers.

106.    The Alibaba Defendants admit that Dongguan Woodfield Baby Products Company Limited, Nanjing Ruifutong Arts And Toys Manufacturing Co., Ltd., and Yangzhou Dulala Crafts Ltd. are "Verified" suppliers on Alibaba. The Alibaba Defendants deny that Hangzhou Agreat Import & Export Co., Ltd., Shanghai Qianjiu Trading Co., Ltd., Yangzhou Kingstone Toys Co., Ltd., and Yangzhou SCS Hometextile Co., Ltd. are "Verified" suppliers on Alibaba.

107.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny the allegations in Paragraph 107.

108.    The Alibaba Defendants aver that upon receiving notice of this action, Alibaba.com and AliExpress have removed, blocked, and blacklisted all known keywords relating to Plaintiff's trademarks, and continue to monitor relevant keyword advertising.

109.    The Alibaba Defendants deny that they knowingly recommend or promote counterfeit products.  The Alibaba Defendants aver that the "You may also like" recommendations for each particular user are generated algorithmically based, in part, on that user's browsing and purchasing history.

110.    The Alibaba Defendants aver that the services provided to Merchant Defendants were content-neutral services available to all sellers on AliExpress and Alibaba.com.  The Alibaba Defendants otherwise deny the allegations in Paragraph 110.

111.    The Alibaba Defendants admit that their outside counsel has had conversations with Epstein Drangel regarding their clients' allegations of alleged infringement on the Alibaba platforms, but otherwise deny the allegations in the first sentence of Paragraph 111.  The Alibaba Defendants admit that Plaintiff filed a motion to compel compliance in *Kelly Toys Holdings, LLC v. 19885566 Store, et al.*, Case No. 22-cv-9384 (JMF) (S.D.N.Y. 2022).  On June 29, 2023, the Court granted the motion to compel in part, but the Alibaba Defendants aver that, following their motion for reconsideration, the Court vacated its June 29, 2023 order.  *Kelly Toys Holdings LLC v. 19885566 Store*, No. 22-cv-9384 (JMF) 2024 U.S. Dist. LEXIS 23290 (S.D.N.Y. Feb. 9, 2024).

112.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 112 and therefore deny the allegation in Paragraph 112.

113.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 113 and therefore deny the allegation in Paragraph 113.

114.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 114 and therefore deny the allegation in Paragraph 114.

115.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 115 and therefore deny the allegation in Paragraph 115.

116.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore deny the allegations in Paragraph 116.

117.    The Alibaba Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, in part because the requisite information is outside of their possession, custody, or control.  The Alibaba Defendants' response to Paragraph 117 is subject to further investigation, and the Alibaba Defendants reserve the right to update or amend this response.

118.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny the allegations in Paragraph 118.

119.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny the allegations in Paragraph 119.

120.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny the allegations in Paragraph 120.

121.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny the allegations in Paragraph 121.

122.    The Alibaba Defendants admit that, in response to Plaintiff's third-party subpoena to Google LLC, Google produced a keyword report for a Google Ads customer ID allegedly

corresponding with an Alibaba entity. The Alibaba Defendants otherwise deny the allegations in Paragraph 122.

123.    Deny.

124.    The Alibaba Defendants deny the first sentence in Paragraph 124.  The Alibaba Defendants lack knowledge or information sufficient to determine whether the screenshots included in Paragraph 124 contain counterfeit products and therefore deny the allegations in Paragraph 124.

125.    The Alibaba Defendants aver that they have removed all of the alleged infringing listings identified in the FAC, but have not terminated the storefronts of the Merchant Defendants entirely.  The Alibaba Defendants otherwise deny the allegations in Paragraph 125.

126.    Deny.

127.    The Alibaba Defendants admit that they can process transactions on Alibaba.com and AliExpress.com through Alipay, but aver that whether AliPay is used for a particular transaction depends on the merchant and the buyer.

## CAUSES OF ACTION

## <u>FIRST CAUSE OF ACTION</u>

**(Trademark Counterfeiting Against Merchant Defendants)**
**[15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]**

128.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 127 as if fully set forth herein.

129.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 129 and therefore deny the allegation in Paragraph 129.

130.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore deny the allegations in Paragraph 130.

131.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore deny the allegations in Paragraph 131.To the extent the allegations in Paragraph 131 state a legal conclusion, no response is required.

132.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny the allegations in Paragraph 132.  To the extent the allegations in Paragraph 132 state a legal conclusion, no response is required.

133.    Paragraph 133 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny the allegations in Paragraph 133.

134.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore deny the allegations in Paragraph 134.  To the extent the allegations in Paragraph 134 state a legal conclusion, no response is required.

135.    Paragraph 135 states a legal conclusion to which no response is required.

136.    Paragraph 136 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 136 and therefore deny the allegations in Paragraph 136.

137.    Paragraph 137 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny the allegations in Paragraph 137.

## SECOND CAUSE OF ACTION

### (Infringement of Registered Trademarks Against Merchant Defendants)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

138.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 137 as if fully set forth herein.

139.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore deny the allegations in Paragraph 139.

140.    Paragraph 140 states a legal conclusion to which no response is required.

141.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore deny the allegations in Paragraph 141.

142.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore deny the allegations in Paragraph 142.

143.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore deny the allegations in Paragraph

143.  To the extent the allegations in Paragraph 143 state legal conclusions, no response is required.

144.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore deny the allegations in Paragraph 144.  To the extent the allegations in Paragraph 144 state a legal conclusion, no response is required.

145.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore deny the allegations in Paragraph 145.

146.    Paragraph 146 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore deny the allegations in Paragraph 146.

147.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore deny the allegations in Paragraph 147.

148.    Paragraph 148 states a legal conclusion to which no response is required.

149.    Paragraph 149 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore deny the allegations in Paragraph 149.

150.    Paragraph 150 states legal conclusions to which no response is required.

## THIRD CAUSE OF ACTION

**(Infringement of Unregistered Trademarks Against Merchant Defendants)**

**[15 U.S.C. § 1125/Lanham Act § 43(a)]**

151.     The Alibaba Defendants repeat and incorporates their responses to the allegations in Paragraphs 1 through 150 as if fully set forth herein.

152.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore deny the allegations in Paragraph 152.

153.     Paragraph 153 states a legal conclusion to which no response is required.

154.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore deny the allegations in Paragraph 154.

155.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore deny the allegations in Paragraph 155.

156.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore deny the allegations in Paragraph 156.  To the extent the allegations in Paragraph 156 state legal conclusions, no response is required.

157.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore deny the allegations in Paragraph 157.  To the extent the allegations in Paragraph 157 state legal conclusions, no response is required.

158.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore deny the allegations in Paragraph 158.

159.    Paragraph 159 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore deny the allegations in Paragraph 159.

160.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore deny the allegations in Paragraph 160.

161.    Paragraph 161 states a legal conclusion to which no response is required.

162.    Paragraph 162 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny the allegations in Paragraph 162.

163.    Paragraph 163 states legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION

**(False Designation of Origin, Passing Off & Unfair Competition Against Merchant Defendants)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

164.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 163 as if fully set forth herein.

165.    Paragraph 165 states a legal conclusion to which no response is required.

166.    Paragraph 166 states legal conclusions to which no response is required.

167.     Paragraph 167 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore deny the allegations in Paragraph 167.

168.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore deny the allegations in Paragraph 168.  To the extent the allegations in Paragraph 168 state legal conclusions, no response is required.

169.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore deny the allegations in Paragraph 169.  To the extent the allegations in Paragraph 169 state legal conclusions, no response is required.

170.     The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore deny the allegations in Paragraph 170.  To the extent the allegations in Paragraph 170 state legal conclusions, no response is required.

171.     Paragraph 171 states legal conclusions, no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny the allegations in Paragraph 171.

172.     Paragraph 172 states legal conclusions to which no response is required.

## FIFTH CAUSE OF ACTION

**(Direct Federal Copyright Infringement Against Merchant Defendants)**
**[17 U.S.C. § 501(a)]**

173.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 172 as if fully set forth herein.

174.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore deny the allegations in Paragraph 174.

175.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore deny the allegations in Paragraph 175.

176.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore deny the allegations in Paragraph 176.

177.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny the allegations in Paragraph 177.  To the extent the allegations in Paragraph 177 state legal conclusions, no response is required.

178.    Paragraph 178 states a legal conclusion to which no response is required.

179.    Paragraph 179 states legal conclusions to which no response is required.

180.    Paragraph 180 states legal conclusions to which no response is required.

## SIXTH CAUSE OF ACTION

**(Unfair Competition Against Merchant Defendants)**
**[New York Common Law]**

181.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 180 as if fully set forth herein.

182.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore deny the allegations in Paragraph 182.  To the extent the allegations in Paragraph 182 state legal conclusions, no response is required.

183.    Paragraph 183 states legal conclusions to which no response is required.

184.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore deny the allegations in Paragraph 184.  To the extent the allegations in Paragraph 184 state legal conclusions, no response is required.

185.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore deny the allegations in Paragraph 185.  To the extent the allegations in Paragraph 185 state legal conclusions, no response is required.

186.    Paragraph 186 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore deny the allegations in Paragraph 186.

187.    Paragraph 187 states legal conclusions to which no response is required.

## SEVENTH CAUSE OF ACTION

**(Contributory Trademark Infringement and Counterfeiting Under the Lanham Act)**
**(Against Alibaba Defendants)**

188.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 187 as if fully set forth herein.

189.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 189 and therefore deny the allegation in Paragraph 189.

190.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore deny the allegations in Paragraph 190.

191.    Paragraph 191 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore deny the allegations in Paragraph 191.

192.    Deny.

193.    The Alibaba Defendants admit that in April and May of 2022, Epstein Drangel identified 56 merchants on Alibaba.com or AliExpress that they allege had violated three or more temporary restraining orders entered by this court.  The Alibaba Defendants aver that only four of the 56 merchants identified are defendants in this action.  The Alibaba Defendants further aver that the temporary restraining orders identified were filed over a four-year period and many relate to products other than Squishmallows. The Alibaba Defendants otherwise deny the allegations in Paragraph 193.

194.    Admit.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

199.    Deny.

200.    Paragraph 200 states a legal conclusion to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 200.

201.    Paragraph 201 states a legal conclusion to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 201.

202.    Paragraph 202 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 202.

203.    Paragraph 203 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 203.

## EIGHTH CAUSE OF ACTION

### (Contributory Copyright Infringement
### Against Alibaba Defendants)

204.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 203 as if fully set forth herein.

205.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore deny the allegations in Paragraph 205.  To the extent the allegations in Paragraph 205 state legal conclusions, no response is required.

206.    Deny.

207.    Deny.

208.    Deny.

209.    Deny.

210.    Paragraph 210 states a legal conclusion to which no response is required.  To the extent a response is required, the Alibaba Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 210 and therefore deny the allegations in Paragraph 210.

211.    Paragraph 211 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 211.

212.    Paragraph 212 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 212.

## NINTH CAUSE OF ACTION

### (Vicarious Copyright Infringement
### Against Alibaba Defendants)

213.    The Alibaba Defendants repeat and incorporate their responses to the allegations in Paragraphs 1 through 212 as if fully set forth herein.

214.    The Alibaba Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore deny the allegations in Paragraph 214.  To the extent the allegations in Paragraph 214 state legal conclusions, no response is required.

215.    Deny.

216.    Deny.

217.    Deny.

218.    Deny.

219.    Paragraph 219 states a legal conclusion to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 219.

220.    Paragraph 220 states a legal conclusion to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 220.

221.    Paragraph 221 states legal conclusions to which no response is required.  To the extent a response is required, the Alibaba Defendants deny the allegations in Paragraph 221.

## PRAYER FOR RELIEF

The Alibaba Defendants deny that Plaintiff is entitled to any of the relief sought.

## GENERAL DENIAL

Unless specifically admitted above, the Alibaba Defendants deny each and every allegation in the FAC.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Alibaba Defendants expressly reserve the right to assert any and all defenses based on, *inter alia*, discovery and factual developments. Without waiving any such right, the Alibaba Defendants aver the following defenses and affirmative defenses to the claims asserted in the FAC and do not concede that they have the burden of proof with respect to these defenses.

## FIRST DEFENSE

*Failure to State a Claim*

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to state a claim against the Alibaba Defendants for which relief may be granted.

## SECOND DEFENSE

*Statute of Limitations*

Plaintiff's claims are barred, in whole or in part, to the extent they arise from actions outside the applicable statute of limitations.

## THIRD DEFENSE

*Laches*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.  Plaintiff had knowledge that certain Merchant Defendants were purportedly infringing its copyrighted works and trademarks, yet Plaintiff unreasonably and inexcusably delayed in taking action with respect such infringement by waiting to alert the Alibaba Defendants of such alleged infringement until filing a temporary restraining order in this action.  If Plaintiff had alerted the Alibaba Defendants of the alleged infringements through the Alibaba Defendants' designated reporting channels, the Alibaba Defendants could have promptly removed such alleged infringements upon receiving such notice.  The Alibaba Defendants have been prejudiced by Plaintiff's delay because they are now expending significant resources defending a legal action based on issues that could have been promptly resolved without court intervention.  Plaintiff's delay caused the alleged damages they now seek from the Alibaba Defendants, and has prevented the Alibaba Defendants from ridding counterfeiters from AliExpress and Alibaba.com.

### FOURTH DEFENSE

*Fair Use*

Plaintiff's claims are barred, in whole or in part, to the extent they fall under the copyright or trademark fair use doctrines.

### FIFTH DEFENSE

*First Sale Doctrine*

Plaintiff's claims are barred, in whole or in part, to the extent they fall under the first sale doctrine.

### SIXTH DEFENSE

*Invalid Copyrights or Trademarks*

Plaintiff's claims are barred, in whole or in part, to the extent that any of Plaintiff's copyrights or trademarks at issue are not protectable.

## SEVENTH DEFENSE

### *No Direct Infringement*

Plaintiff's contributory and vicarious copyright infringement claims and contributory trademark infringement claims are barred, in whole or in part, by Plaintiff's failure to demonstrate direct infringement.

## EIGHTH DEFENSE

### *DMCA*

Plaintiff's contributory and vicarious copyright infringement claims against the Alibaba Defendants are barred, in whole or in part, by the safe harbors under Section 512 of the Copyright Act.  The Alibaba Defendants have complied with the DMCA's requirements for safe harbor protection.  First, the Alibaba Defendants have expeditiously removed allegedly infringing material on their platforms upon receiving notice from Plaintiff of specific infringements.  17 U.S.C. § 512(c)(1)(C).  Second, the Alibaba Defendants do not receive a financial benefit directly attributable to the allegedly infringing activity while having the right and ability to control that activity.  *Id.* at § 512(c)(1)(B).  Third, the Alibaba Defendants have a designated agent to receive and process takedown notices.  *Id.* at § 512(c)(1)(C).  The Alibaba Defendants' designated agent is registered with the United States Copyright Office, and information regarding the Alibaba Defendants' designated agent is available on their platforms. The Alibaba Defendants have also adopted and reasonably implemented a repeat infringer policy that provides for termination of repeat infringers, as described in Paragraph 65 of the FAC.  17 U.S.C. § 512(i)(A).  Finally, the Alibaba Defendants accommodate and do not interfere with standard technical measures.  *Id.*  § 512(i)(B).

## NINTH DEFENSE

### *No Contributory Copyright or Trademark Infringement*

Plaintiff's claims of contributory copyright and trademark infringement are barred, in whole or in part, on the ground that the Alibaba Defendants promptly removed allegedly infringing listings upon receiving notice of claimed infringements from Plaintiff.  Prior to receiving such notice, the Alibaba Defendants did not have specific knowledge of the alleged infringements.

## TENTH DEFENSE

### *No Contributory Federal Trademark Counterfeiting*

Plaintiff's claims of contributory federal trademark counterfeiting are barred to the extent the trademarks at issue or marks substantially indistinguishable from the trademarks at issue do not appear on the Merchant Defendants' product listings.

## ELEVENTH DEFENSE

### *No Damages*

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff cannot demonstrate that it suffered any actual damages or non-speculative injury as a result of the conduct alleged in the FAC.

## TWELFTH DEFENSE

### *No Statutory Damages Pursuant to the Copyright Act*

Plaintiff's claims for statutory damages pursuant to the Copyright Act are barred to the extent those claims are based on the alleged infringement of works that were not timely registered.

**THIRTEENTH DEFENSE**

*No Treble or Statutory Damages Pursuant to the Lanham Act*

Plaintiff's claims for treble damages or statutory damages for counterfeiting are barred to the extent the trademarks at issue or marks substantially indistinguishable from the trademarks at issue do not appear on the Merchant Defendants' product listings.

**FOURTEENTH DEFENSE**

*Failure to Mitigate Damages*

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff failed to mitigate its damages, if any, to the extent Plaintiff asserts claims based on alleged infringements of which it failed to provide notice to the Alibaba Defendants prior to filing this action.

**FIFTEENTH DEFENSE**

*Unclean Hands*

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff alleges that it knew of purportedly infringing listings on Alibaba.com or AliExpress, but unfairly and unreasonably delayed by waiting to notify the Alibaba Defendants of those alleged infringements until filing a temporary restraining order in this action, thereby depriving the Alibaba Defendants of the information necessary to remove those listings.

**SIXTEENTH DEFENSE**

*No Attorneys' Fees Under the Lanham Act*

Plaintiff's claims for attorneys' fees in connection with their Lanham Act claims are barred on the ground that this is not an exceptional case authorizing attorneys' fees under 15 U.S.C. § 1117. The Alibaba Defendants have acted in good faith, and without wrongful intent, malice, or any other applicable degree of fault.

**SEVENTEENTH DEFENSE**

*No Injunctive Relief*

Plaintiff's prayer for permanent injunctive relief is barred to the extent it seeks to impose obligations that the Alibaba Defendants are already carrying out or obligations that are beyond what the law requires of similarly situated online service providers.

**EIGHTEENTH DEFENSE**

*Copyright Misuse*

Plaintiff's claims are barred, in whole or in part, to the extent that it has improperly used the U.S. judicial system to either (i) prosecute invalid copyrights; and/or (ii) prosecute copyright claims in connection with products manufactured, distributed, and sold outside the U.S.

**NINETEENTH DEFENSE**

*Additional Defenses*

The Alibaba Defendants expressly and specifically reserve the right to amend this Answer to add, delete, and/or modify defenses if and when they become appropriate in this Action.

Dated:  New York, New York

~~July 1~~August 16, 2024

Respectfully submitted,

*/s/ Jared R. Friedmann*

Jared R. Friedmann

Sarah Ryu

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue

New York, New York 10153

Telephone:  (212) 310-8000

Facsimile:  (212) 310-8007

jared.friedmann@weil.com

sarah.ryu@weil.com

*Attorneys for Defendants Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd.*

Beixiao Robert Liu
Stephen M. Hudspeth
BALANCE LAW FIRM
One World Trade Center, Suite 8500
New York, New York 10007
Telephone:  (212) 714-8080
Facsimile:  (631) 490-4465
robert.liu@balancelawfirm.com
stephen.hudspeth@balancelawfirm.com

*Attorneys for Defendant Alibaba.com Singapore E-Commerce Pte. Ltd.*