**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC, | Civil No. 21-cv-8434 (AKH) |
| Plaintiff, | |
| v. | |
| ALIALIALILL STORE, et al., | |
| Defendants. | |

**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.    Accordingly, Plaintiff Kelly Toys, LLC ("Plaintiff") and Defendants Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd. (together, "Alibaba Defendants"), through their undersigned counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.    The Parties acknowledge that this Stipulation and Protective Order governs discovery in this Action.    The Parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery.

2.    **DEFINITIONS**

2.1.    Action:  the above-captioned action.

2.2.    "CONFIDENTIAL" Information:  Disclosure or Discovery Material that a Party or Non-Party in good faith believes contains non-public, confidential, private, personal, proprietary, customer, client, or other commercially sensitive information that requires protection.  Disclosure or Discovery Material designated as "CONFIDENTIAL" may include, but is not limited to, any information that constitutes confidential information under the Federal Rules of Civil Procedure and applicable laws and regulations, including, but not limited to, U.S. and foreign (including, but not limited to, Hong Kong and the People's Republic of China) privacy, data protection, and secrecy laws as well as bank and/or money service provider regulations.

2.3.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.4.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.5.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information: Disclosure or Discovery Material that a Party or Non-Party in good faith believes contains non-public information that is so sensitive that disclosure may substantially compromise and/or jeopardize the Producing Party's business interests, including but not limited to, non-public, confidential, private, personal, proprietary, customer, client, or other commercially sensitive information that requires greater protection than that afforded to Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.6.    In-House Counsel:  Attorneys (including litigation and support staff) who are employees or officers of a Party, who are involved in the oversight of on-going litigation of such entity.

2.7.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.8.    Outside Counsel:  Attorneys (including litigation and support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries but who are counsel of record for a Party.

2.9.    Outside Consultant:  A person with specialized knowledge or experience in a matter pertinent to this action (including support staff) who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action and who is not: (i) a current or

anticipated employee of a Party or of a Party's competitor, or (ii) a consultant involved in product and/or process design or development for a Party or for a Party's competitor.

2.10.   Party: any party to this Action, including all of its officers, directors, and employees.

2.11.   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.   Professional Vendors:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) to a Party, and their employees and subcontractors, including, but not limited to, data recovery vendors, graphic consultants, outside copy services, qualified persons taking testimony involving such material, and necessary stenographic and clerical personnel.  This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant or any Persons that fall within the definition of Outside Counsel.

2.13.   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14.   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15.   Related Entities:  Alibaba.com Hong Kong Limited and Alibaba Group U.S. Inc.

2.16.   Related Entities' In-House Counsel: Attorneys (including litigation and support staff) who are employees or officers of the Alibaba Defendants' Related Entities, to whom it is reasonably necessary to disclose the information for this Action.

3.    **SCOPE OF PROTECTION FOR PROTECTED MATERIAL**

This Stipulation and Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery conducted in this Action. The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or counsel to or in Court or in other settings that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate order. Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate. This Stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Disclosure or Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    **GENERAL LIMITATIONS ON DISCLOSURE AND USE OF PROTECTED MATERIAL**

4.1.    Any Producing Party may designate any Disclosure or Discovery Material, or any portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order. Disclosure or Discovery Material produced with a confidentiality designation shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purposes of this Action and shall not be made available to any Non-Party and shall not be disseminated to the media or public or used in connection with any other judicial, administrative, or arbitral proceeding, except that it may be used

in proceedings related to the enforcement of the judgment entered in this Action. Parties and their agents, including the Outside Counsel for the Parties, shall use all reasonable steps to safeguard the confidentiality of all Disclosure or Discovery Material governed by this Stipulation and Protective Order and ensure that it is used only for the purposes specified herein and disclosed only to those persons authorized.

4.2.    A Party may upward designate (*i.e.*, change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

4.3.    During the course of this Action, a Party or Non-Party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a Non-Party. The Party or Non-Party subject to the contractual or other obligations of confidentiality shall promptly contact the person or entity to whom the obligation is owed to determine whether that person or entity is willing to permit disclosure of the Protected Material under the terms of this Stipulation and Protective Order. If that person or entity is so willing, the information, if otherwise

discoverable, shall be produced in accordance with this Stipulation and Protective Order. If the person or entity to whom the obligation is owed is not willing to permit disclosure of the Protected Material under the terms of this Stipulation and Protective Order, or fails to respond before responses or production is due, the Party seeking the information in this litigation shall be so notified and given a description of the documents withheld, the reason for withholding the documents, the person or entity to whom the obligation of confidentiality is owed, and the person or entity's contact information to the extent that providing such information will not violate any contractual or other obligation of confidentiality. This description shall be produced as promptly as practicable.

4.4     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Where applicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order (*i.e.*, mass, indiscriminate, or routinized designations are prohibited). If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

## 5.     ACCESS TO AND USE OF PROTECTED MATERIAL

5.1.     <u>Basic Principles</u>. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order. For purposes of this Stipulation and Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence

of the Protected Materials. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Protective Order.

5.2.    Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or prior, unqualified written consent by the Designating Party is obtained, no Disclosure or Discovery Material designated as "CONFIDENTIAL" shall be disclosed by the Receiving Party, either directly or indirectly, to any person or entity other than:

  a.  the Court and court personnel

  b.  the Parties in the Action;

  c.  the Parties' In-House Counsel and their Outside Counsel, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

  d.  court reporters transcribing depositions or testimony in this action;

  e.  persons who are or were authors or recipients of such Protected Materials;

  f.  Related Entities' In-House Counsel, provided that each individual to whom such Protected Materials are disclosed first signs the "Acknowledgement and Agreement to be Bound" (Exhibit A);

  g.  any Outside Consultant retained or consulted by any party in connection with this action and those working under their direction or control to whom it is reasonably necessary to disclose the information for this Action;

  h.  outside Professional Vendors employed by the Parties or their In-House Counsel or Outside Counsel to assist in this litigation;

    i.   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

    j.   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

5.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. Unless otherwise ordered by the Court or prior, unqualified written consent is obtained, no HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Disclosure or Discovery Materials shall be disclosed, either directly or indirectly, to any person or entity other than those identified in Paragraphs 5.2(a), (c)-(j). *For the avoidance of doubt*, documents designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be provided to any person or entity identified in Paragraph 5.2(b) apart from the Parties' In-House Counsel.

5.4    General Procedure for Disclosure of Protected Material. Any persons to whom Protected Material is disclosed pursuant to Paragraph 5.2(b), (f), (g), (h) and (j) including as incorporated into Paragraph 5.3 above shall, prior to viewing the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information as applicable, read this Stipulation and Protective Order and execute the attached "Acknowledgement and Agreement to be Bound" (Exhibit A). The original Acknowledgment and Agreement signed by persons referenced or identified in Paragraphs 5.2(b), (f), (g), (h) and (j) above shall be retained by the Parties' Outside Counsel as a permanent record.

## 6.    DESIGNATION OF PROTECTED MATERIALS

6.1.    <u>Documents and Other Materials:</u>  To designate Protected Materials as such, the Producing Party shall stamp such Disclosure or Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.  Where such a marking is impossible or impracticable, the Producing Party shall designate in writing at the time of production that the Disclosure or Discovery Material contains Protected Material.

6.2.    <u>Deposition Testimony and Transcripts:</u>  In the case of depositions, designation of the transcript or portion of the transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be made by an oral statement by Outside Counsel for the Producing Party directing the court reporter during the deposition to mark the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the Producing Party shall thereafter provide Outside Counsel for the Receiving Party with written notice within thirty (30) days of the date on which it receives the transcript (excluding rough transcripts) of all portions of the transcript (identified by page and line) that contain Protected Material.  Until Outside Counsel for the Receiving Party receives such written notice, the entire transcript shall be deemed to contain Protected Material.  If the Producing Party's Outside Counsel fails to provide to Outside Counsel for the Receiving Party the written notice described in this paragraph within the time period set forth herein, then the Producing Party will be deemed to have waived the confidentiality of the deposition transcript.  The Parties may modify the above designation procedures for any particular deposition through agreement on the record at such deposition without further order of the Court.

6.3.    In the event the deposition is videotaped, the original and all copies of the videotape or other recording shall be marked by the technician to indicate that the contents of the videotape or

other recording are subject to this Stipulation and Protective Order, substantially along the lines of "This recording contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

6.4.    Outside Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, the deponent's counsel, expert consultants, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

6.5.    <u>Non-Party Designations</u>. Non-Parties who produce Disclosure or Discovery Material in this action may avail themselves of the provisions of this Stipulation and Protective Order, and such Disclosure or Discovery Material produced by Non-Parties shall be treated by the Parties in conformance with this Stipulation and Protective Order. Any discovery requests to a Non-Party in this action shall be accompanied by a copy of this Stipulation and Protective Order as well as notice to that Non-Party that Disclosure or Discovery Material produced by the Non-Party may be produced subject to the terms and protections afforded by this Stipulation and Protective Order. A Non-Party's use of this Stipulation and Protective Order for production of its Disclosure or Discovery Material does not entitle that Non-Party to have access to Disclosure or Discovery Material produced by any Party in this Action. Absent any designations by the Non-Party, all Disclosure or Discovery Material produced by a Non-Party shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date of production until thirty (30) business days after receipt. Further, in the event

that a Non-Party produces Disclosure or Discovery Material in this action that a Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party wishing to make that designation must do so within thirty (30) business days of receipt and identify the information by Bates label or, where not Bates labeled, by document title and page number(s) or page and line number(s). The Receiving Parties shall thereafter mark the Disclosure or Discovery Material in the manner requested by the Designating Party and thereafter treat the Disclosure or Discovery Material in accordance with such designation.

**7.    INADVERTENT DISCLOSURE**

7.1    Failure to Designate CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.    The Producing Party's failure to designate any CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY Information at the time of production will not be deemed a waiver of the right to designate such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as soon as practicable upon knowledge that the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation (either by stamp or in writing) was initially omitted. The Producing Party shall notify all Parties in writing of any inadvertent production or disclosure of Protected Material without the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. After receiving notice of the inadvertent production or disclosure, the Receiving Party must return or destroy all copies of the information without the proper designation and any copies they have within ten (10) days and advise the Producing Party if any persons other than those identified in Paragraphs 5.2(a)-(j) for Discovery Material designed as "CONFIDENTIAL" and Paragraphs 5.2(a), (c)-(j) for Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" were provided with access to the CONFIDENTIAL Information or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information prior to its designation as such.

7.2     Disclosure of Discovery Materials Protected by Privilege or Other Protection. Pursuant to Federal Rule of Civil Procedure 502, if a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.  In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material.  Immediately after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product within ten (10) days of receipt of the Producing Party's notice.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Stipulation and Protective Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other

protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

## 8.    MATERIAL NOT COVERED BY THE PROTECTIVE ORDER

No Discovery or Disclosure Material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if: (1) it is in the public domain at the time of disclosure to a Receiving Party; (2) it becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Protective Order; or (3) the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material.

## 9.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.1.    <u>Challenging Privilege Determinations.</u> The Receiving Party shall not be obligated to challenge the propriety of privilege designations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto. If, after review of the Producing Party's privilege log, the Receiving Party wishes to challenge one or more of the privilege designations made in the privilege log, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.

9.2.    <u>Challenging Confidentiality Designations.</u> The Receiving Party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If at any time the Receiving Party objects to the Producing Party's

designation of any Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and seeks to use such Protected Materials other than as permitted by this Stipulation and Protective Order, the Receiving Party shall so state by letter to Outside Counsel for the Producing Party, which shall identify the specific Disclosure or Discovery Material it is challenging. Within fourteen (14) days of receipt of such letter, the Producing Party shall respond in writing to the Receiving Party setting forth the basis for its confidentiality designations to the challenged Disclosure or Discovery Material and/or advising of its determination to re-designate some or all of the challenged Disclosure or Discovery Material. In the event the Receiving Party is not satisfied by the Designating Party's response letter, the Designating Party and the Receiving Party shall promptly meet and confer, in good faith, to resolve any outstanding dispute concerning the designation and treatment of such information pursuant to the terms of this Stipulation and Protective Order. If the Parties still are unable to agree on the appropriateness of one or more "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations, the Party challenging the designations may present such dispute to the Court.

9.3. Neither Party shall contend that the meet and confer process set forth in this Section 9 constitutes a waiver of the Designating Party's designation. Any motion brought pursuant to this Section 9 must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this section. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 10.    FILING OF PROTECTED MATERIAL

A Party that seeks to file under seal any Protected Material must comply with the procedures set forth in the Local Rules and Judge Alvin K. Hellerstein's Individual Rules (the "Individual Rules"). Subject to and consistent with the requirements of Individual Rule 4, Protected Material filed with the Court shall be redacted or filed under seal unless the Court directs otherwise. The party seeking to file Protected Materials with the Court shall file a motion for permission to file under seal contemporaneously with the material for which sealing is requested, pursuant to Individual Rule 4. If any person fails to file Protected Material under seal, the Producing Party or any Party claiming confidentiality for the Protected Material may request that the Court place the filing under seal.

During a hearing, pretrial proceeding, trial, or other proceeding in the Action, Protected Material designated as such pursuant to this Stipulation and Protective Order may be offered into evidence and retained by the Court, provided that the proponent of the evidence advises the Court and the Producing Party in advance that it intends to offer such Protected Material. The Producing Party may apply to the Court to allow the Protected Material to retain its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY status notwithstanding such use. Prior to disclosure of Protected Material at a hearing, pretrial proceeding, trial, or other proceeding in the Action, the Producing Party may seek further protections against public disclosure from the Court.

## 11.    PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION

If the Receiving Party concludes that it is compelled, by subpoena or other form of judicial or other compulsory process, to disclose Protected Material, the Receiving Party shall as promptly as possible, and at least fourteen (14) days prior to the disclosure, provide written notice, including a copy of the subpoena or request, to Outside Counsel for the Producing Party of the Receiving Party's intention to provide Protected Material. The Producing Party then may object to the

disclosure of such Protected Material and may seek an order from a court or other authority precluding the production or disclosure of Protected Material.

## 12.    NO FURTHER USE OF DISCLOSURE OR DISCOVERY MATERIALS

A Receiving Party may use Disclosure or Discovery Material disclosed or produced by a Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Unless otherwise ordered by the Court or with prior written consent by the Designating Party, a Receiving Party may not use Disclosure or Discovery Material for any other purpose, including, without limitation, any business or competitive function or any other litigation (including any other judicial, administrative, or arbitral proceeding), except that it may be used in proceedings related to the enforcement of the judgment entered in this Action.  Notwithstanding the foregoing, nothing in this Section 12 shall prevent any Party or Non-Party from using information of which it already had prior knowledge or from using any public information, including information that may become part of the public record in this Action.

## 13.    FINAL DISPOSITION

Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

Within sixty (60) days after the final disposition of this Action, each Receiving Party must return all Disclosure or Discovery Material to the Producing Party or securely destroy such Disclosure or Discovery Material and provide a written certification of such secure destruction. As used in this subdivision, "all Disclosure or Discovery Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or

capturing any of the Disclosure or Discovery Material. Whether the Disclosure or Discovery Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Disclosure or Discovery Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Disclosure or Discovery Material.

Notwithstanding this provision, a Party's In-House Counsel and Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Disclosure or Discovery Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order. Nothing in this Section 13 shall require a Receiving Party to securely destroy or certify the destruction of any public versions of filings in this matter.

**14.    MISCELLANEOUS**

14.1.   Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or Court order, further, greater, or lesser protection with respect to the use of any Protected Material in this Action or limit in any way the Producing Party's use of its own Protected Material.

14.2.   The terms of this Stipulation and Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action. After the final disposition of the Action, this Stipulation and Protective Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Protected Material has been disclosed or communicated.

14.3.  This Stipulation and Protective Order is without prejudice to the Receiving Party's ability to seek any documents produced subject to this Stipulation and Protective Order through discovery in another action pursuant to Fed. R. Civ. Proc. 34 and/or 45, or the Producing Party's ability to object to any such request.

14.4.  Nothing in this Stipulation and Protective Order or any designation of Disclosure or Discovery Material as Protected Material hereunder or any failure to make such a designation may be used or characterized as a Party admission.

14.5.  Nothing in this Stipulation and Protective Order shall be deemed to waive any applicable privilege or protection under the law.

14.6.  Neither this Stipulation and Protective Order nor any designation of Disclosure or Discovery Material as Protected Material shall affect the admissibility of the information so designated into evidence, including, without limitation, the authenticity or relevancy of the Disclosure or Discovery Material.

14.7.  In the event of any dispute between the Parties regarding this Stipulation and Protective Order, the Parties shall meet and confer, in good faith, to resolve any such dispute.  Any dispute that cannot be resolved following such meet and confer process, may be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

14.8.  This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose disclosure of any document or information for any reason other than confidentiality. This Stipulation and Protective Order may be changed only by further agreement of the Parties in writing and "So Ordered" by the Court and is without prejudice to the rights of any Party to move in good faith for relief from any of its provisions or to seek or agree to additional protection for

particular Disclosure or Discovery Material including, but not limited to, heightened confidentiality protection.

14.9.  Nothing herein shall be construed to prevent the disclosure of Protected Material if such disclosure is required by law or court order.

14.10. Transmission by electronic means is acceptable for all notification purposes discussed herein.

14.11. This Order is subject to modification by the Court.

**[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IT IS SO STIPULATED.

DATED: January 16, 2025                    Respectfully submitted,

                                          **EPSTEIN DRANGEL LLP**

                                          BY:  */s/ Jason M. Drangel*
                                          Jason M. Drangel
                                          60 East 42nd Street, Suite 1250
                                          New York, NY 10165
                                          Telephone: (212) 292-5390
                                          Email: jdrangel@ipcounselors.com

                                          *Attorneys for Plaintiff*

                                          **WEIL, GOTSHAL & MANGES LLP**

                                          BY: */s/ Jared R. Friedmann*
                                          Jared R. Friedmann
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone:  (212) 310-8000
                                          Email: jared.friedmann@weil.com

                                          *Attorneys for Defendant AliExpress E-Commerce One
                                          Pte. Ltd.*

                                          **BALANCE LAW FIRM**

                                          BY: */s/ Beixiao Robert Liu*
                                          Beixiao Robert Liu
                                          One World Trade Center, Suite 8500
                                          New York, New York 10007
                                          Telephone:  (212) 714-8080
                                          Email: robert.liu@balancelawfirm.com

                                          *Attorneys for Defendant Alibaba.com Singapore E-
                                          Commerce Pte. Ltd.*

**SO ORDERED.**

DATED: _Jan. 2/_ , 2025

                                          _____
                                          HON. ALVIN K. HELLERSTEIN

EXHIBIT A

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ALIALIALILL STORE, et al.,<br><br>    Defendants. | Civil No. 21-cv-8434 (AKH) |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulation and Protective Order that was

issued by the United States District Court for the Southern District of New York in the above-

captioned action. I agree to comply with and to be bound by all the terms of the Stipulation and

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulation and Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulation and

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or

type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Protective Order.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____